(112 App. Div. 438)

### LACKNER v. AMERICAN CLOTHING CO.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

1. TENDER—PAYMENT INTO COURT—EFFECT.

　　Where, in an action for rent, defendant paid a certain sum into court as a tender, defendant could not in any event have the money back or any part of it, but it immediately became the property of the plaintiff, which he was entitled to take at any time.

　　[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Tender, § 89.]

2. COSTS—EFFECT OF TENDER.

　　After a tender and payment of money into court, the only question to be litigated is whether plaintiff has established a cause of action for more than the amount of the tender, which, if he fails to do, judgment should be rendered in favor of defendant for costs.

　　[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, §§ 137–164.]

3. COURTS—MUNICIPAL COURT—PRACTICE—JUDGMENT—AMENDMENT.

　　Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254, limits the right of the Municipal Court to amend a judgment to the exceptions taken on the trial, or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence or law, and must be exercised within five days after rendition of the judgment; and Code Civ. Proc. § 724, made applicable to the Municipal Court by Municipal Court Act, Laws 1902, p. 1496, c. 580, §. 20, only authorizes the amendment of the judgment in cases arising from mistake, inadvertence, surprise, or excusable neglect of the party seeking the relief. *Held* that, where judgment was erroneously entered for plaintiff, notwithstanding his failure to prove a cause of action in excess of a tender, the Municipal Court, after the expiration of five days, had no power to correct the error by amending the judgment, so as to make it a judgment in favor of defendant for costs.

Appeal from Municipal Court of New York.

Action by John Lackner against American Clothing Company. From a Municipal Court order denying defendant's motion to amend a judgment, so that it should read "Judgment for defendant, with costs," defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Harry A. Gordon, for appellant.
Solon J. Liebeskind, for respondent.

RICH, J.  The plaintiff brought this action to recover the sum of $166.64 for rent of real property, alleged to be due and owing him by the defendant.  Before the commencement of the action the defendant had made a tender of $68.12.  On the return day it filed an answer, admitting the allegations of the complaint, alleging a counterclaim of $100, pleading the tender, and concurrently therewith paid the $68.12 into court, where it remained and yet is, in the possession of the clerk. Upon the trial the justice before whom the case was tried without a jury, without knowledge of the fact that such tender had been made, rendered judgment for the plaintiff for $63.66 damages, to which the clerk of the court added a trial fee of $2, making a total judgment of $65.66, and taxed costs for the defendant for $15.  The justice states in his opinion that he is informed by the clerk that he deducted the $15 costs from the amount of the plaintiff's judgment and paid the balance, $50.66, to the plaintiff's attorney, who on the following day returned it and took a receipt therefor.  The plaintiff then obtained a transcript of the judgment, which was filed in the county of New York, and caused an execution to be issued, which was levied upon the defendant's property in that county.  As soon as the levy was made the defendant called the attention of the clerk of the Municipal Court to the fact that the judgment was less than the money paid into court, and the clerk thereupon satisfied the judgment, and a transcript of such satisfaction was filed and entered in New York county.  The defendant then moved at a Special Term of the Supreme Court for an order vacating and setting aside the execution and levy of the sheriff, and plaintiff concurrently moved for an order reinstating the judgment on the records of the clerks of Queens and New York counties.  The Special Term denied the defendant's motion, and granted that of the plaintiff, basing its decision upon the ground that the clerk was without power or authority to satisfy the judgment or transcript such satisfaction, and that the court would not determine the question of fact presented of whether the trial court intended to render a judgment in favor of the plaintiff for $63.66, in addition to the $68.36 paid into court, or a judgment for $63.66 only, upon conflicting affidavits.  The defendant then moved in the Municipal Court for an order amending the judgment rendered, so that it would read "Judgment for the defendant, with costs," upon the ground that the form of the judgment was improper, which motion was denied, the court holding that it was not within his power to grant the relief sought.  The defendant asks this court to reverse such ruling and grant the motion.

The opinion of the Municipal Court Justice denying said motion clearly establishes that the judgment he intended to render was for $63.66 only, and that at the time of its rendition he did not know that the defendant had paid a larger sum into court.  Upon the facts the judgment should have been for the defendant, for costs.  The money paid into court immediately became the property of the plaintiff, and he was entitled to take it at any time.  The defendant could not in any event have the money back, or any part of it.  After such tender and payment the only question to be litigated was whether the plaintiff established a cause of action for more than the amount of the tender.  If he failed to prove that he was entitled to more than the amount paid into court,

judgment should have been rendered for the defendant. It was at the plaintiff's risk of paying defendant's costs if the recovery fell short of the amount tendered, and the defendant's risk of losing the amount deposited in the event of his success upon the trial. Such payment was more than sufficient to satisfy the amount determined by the trial court to be owing the plaintiff, notwithstanding which he seeks to enforce his judgment, thus taking from the defendant money to which he has no claim or right.

We should not hesitate to reverse the order appealed from and grant the relief asked, were it within our power to do so, but are reluctantly forced to the conclusion that the appellant has mistaken his remedy and that this court is without power to aid him. The Municipal Court has no jurisdiction or powers, except such as are conferred upon it by statute. The only power to amend a judgment of that court is found in section 254 of the Municipal Court Act (Laws 1902, p. 1563, c. 580), and is limited to the exceptions taken upon the trial, or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence or contrary to law, and must be exercised within five days after the rendition of the judgment. The relief sought, and to which the defendant was entitled, had he moved within the time limited, arose from the fact that the judgment was "contrary to law," within the meaning of those words as used in the section referred to, and at the time the defendant's motion was made the Municipal Court was without power to grant such relief. Granting the contention that section 724 of the Code of Civil Procedure is by the provisions of section 20 of the Municipal Court Act, Laws 1902, p. 1496, c. 580, made applicable to municipal courts, it does not aid the appellant, as the exercise of the power therein given the court is limited to cases arising from the mistake, inadvertence, surprise, or excusable neglect of the party seeking relief. An error of the trial court in the form of the judgment rendered is not one of the grounds upon which the court may act in granting the relief authorized by its provisions. The defendant, however, is not without a remedy. A court of equity can give the appropriate relief and restrain the enforcement of the execution and judgment during the pendency of an action.

The order appealed from is affirmed, with costs. All concur.