(51 Misc. Rep. 589.)

BARRON v. FEIST.

(Supreme Court, Appellate Term. November 14, 1906.)

1. COURTS—MUNICIPAL COURT—VACATION OF JUDGMENT—APPLICATION—TIME.
     Under the express provisions of Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254, an application to vacate or modify a judgment rendered on a trial by the court without a jury must be made within five days after the rendition of the judgment.

2. SAME.
     Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254, requiring a motion to vacate a judgment on exceptions taken at the trial, or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence or contrary to law, to be made within five days after the judgment is rendered, does not apply to a motion to set aside a judgment for an irregularity in entering it, due to an inadvertent mistake of the court.

3. SAME.
     Code Civ. Proc. § 724, authorizing the vacation of a judgment within a year for causes arising from the mistake of "the party seeking the relief," has no application to a motion for the vacation of a Municipal Court judgment, which was entered by the mistake of the trial judge and was not the result of the error of either party.

4. APPEAL—SCOPE OF REMEDY.

　　Where a Municipal Court judgment was alleged to be void because not entered until more than 14 days from the date of final submission of the case had elapsed, and also because there had been no trial of the action, the remedy of the defeated party was by appeal.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 749.]

5. JUDGMENTS—VACATION—EQUITY SUIT.

　　Where a judgment was rendered without jurisdiction, the defeated party was entitled to sue in equity to set it aside.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 793.]

6. COURTS—MUNICIPAL COURTS—VACATION OF JUDGMENT.

　　Code Civ. Proc. tit. 3, c. 11, providing for the vacation of judgments for irregularity or error in fact, made applicable to the Supreme Court, the City Court of New York, and County Courts by section 3347, subd. 8, does not authorize the vacation of a Municipal Court judgment for irregularity by an order of that court.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Ted S. Barron against Leo Feist. From an order of the New York Municipal Court, vacating a judgment in favor of defendant, he appeals. Reversed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Mayer & Gilbert, for appellant.
Alfred B. Nathan, for respondent.

DOWLING, J. This is an appeal from an order vacating a judgment of the Municipal Court. The facts in the case are substantially undisputed. It appears that the pleadings were verified. Upon the day of trial the parties appeared and by their respective attorneys made certain admissions. Certain claims set forth in the complaint were admitted, and a contract between the parties, the basis of the cause of action, was also admitted as evidence by consent. These several admissions raised an issue of law, and the case was submitted to the court on November 28, 1905. Judgment in favor of the defendant was thereafter rendered, for costs, and dismissing the complaint without prejudice to a new trial, on January 27, 1906. A motion to vacate said judgment was made by plaintiff on the 15th day of February, 1906.

The grounds for vacating said judgment urged by the plaintiff were that a stipulation had been entered into between the respective attorneys, at the time the parties met for trial, to the effect that, if the court should hold that the plaintiff could not recover as a matter of law upon the conceded facts submitted, then the case should be sent for trial on the issues of fact to another judge; that the court therefore erroneously entered a judgment as aforesaid. The trial judge asserts such to be the fact, and that the stipulation so entered into by the attorneys for the respective parties was mistakenly omitted from the minutes, and that the judgment should not have been so entered. He therefore corrected the stenographer's minutes of the record, and vacated the judgment thus entered by him, and set the case down for trial. That a judgment upon an issue of law was duly entered as

aforesaid cannot be disputed.    It has frequently been held by this court, as well as by the Appellate Division of the Second Department, that a motion made to set aside the verdict of a jury, and vacate, amend, or modify a judgment rendered thereon, or to vacate, amend, or modify any judgment rendered upon a trial by the court without a jury, must be made within five days after the time the judgment was rendered. Section 254, Municipal Court Act (Laws 1902, p. 1563, c. 580) ; Buschbaum v. Feldman, 43 Misc. 85, 86 N. Y. Supp. 747; Ryan v. Brown (Sup.) 99 N. Y. Supp. 868; Ostrom v. Sapolsky, 49 Misc. 610, 96 N. Y. Supp. 1070; Lackner v. American Clothing Co., 112 App. Div. 438, 98 N. Y. Supp. 376.

It is conceded that the motion in the case at bar was not made within the five days required by that section.    The respondent claims, however, that, as section 254 of that act declares that such motion must be made upon "exceptions taken at the trial or because the verdict is for excessive or insufficient damages or otherwise contrary to the evidence or contrary to law," it does not apply to a motion to set aside a judgment "where there was an irregularity in the entering of the judgment due to an inadvertent mistake of the court who directed the same or to those cases where no judgment should have been entered at all."    In this contention we agree, but with his further contention that section 724 of the Code of Civil Procedure can be made applicable to a case of this kind we do not coincide.    Section 724, as was expressly held in the Lackner Case, supra, is limited to cases "arising from the mistake of the party seeking the relief."    The erroneous entry of the judgment in the case at bar was the act of the trial judge, and not the result of the error of either party.    The judgment herein was entered a long time after the expiration of the 14 days from the date of the final submission of the case, and it is claimed by the respondent that there had been no trial of the action and that the judgment was entered without jurisdiction.    In either view of the case, it is evident that the judgment was void, and the remedy of the plaintiff was by an appeal from it.    Catlin v. Rundell, 1 App. Div. 157, 37 N. Y. Supp. 979.    The time in which to appeal had not expired when this motion was made.    Recourse to a court of equity may also be had. Lackner v. American Clothing Co., supra.

Title 3 of chapter 11 makes provision for vacating or setting aside judgments for irregularity or error in fact, but by subdivision 8 of section 3347 the provisions of the whole of title 3 of chapter 11 apply only to the Supreme Court, the City Court of New York or a County Court.    It seems that there is no provision in the Municipal Court Act whereby a judgment may be vacated by an order in that court upon the ground of irregularity or error in fact, nor is there any section of the Code of Civil Procedure whose provisions can be held to apply to such a case.

Order reversed, with costs.    All concur.