## BARRON v. FEIST.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. JUDGMENT—VACATION—EQUITY.

Plaintiff alleged that he had previously sued defendant in the Municipal Court, and that it was stipulated that the question whether defendant's answer contained a defense should be submitted to the justice, and, if it did, he should send the case to another justice for trial, otherwise he should render judgment for plaintiff; that he determined that the answer did state a defense, and, contrary to the stipulation, rendered judgment for defendant more than 14 days after submission, in violation of Municipal Court Act, § 230 (Laws 1902, p. 1557, c. 580), without a trial of the issues, and that the time to appeal had expired. *Held,* that the complaint did not state a cause of action to set the judgment aside in equity, under the rule that a judgment can be so attacked only on grounds which either could not have been made available to the complaining party at law, or which he was prevented from setting up by fraud, accident, or the wrongful act of the opposite party without negligence or fault on his part.

2. APPEAL—JUDGMENTS APPEALABLE.

Under Municipal Court Act (Laws 1902, p. 1578, c. 580) § 310, giving the right of appeal from the Municipal Court to the Appellate Term of the Supreme Court, a Municipal Court judgment is appealable, though the objection is that it was rendered without jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 81–87.]

3. JUDGMENT—VACATION—COMPLAINT—DEMURRER.

Where a complaint in equity to set aside a judgment showed on its face that plaintiff had had an adequate remedy at law by appeal, but had lost it by his negligence in failing to avail himself thereof within the time prescribed, the complaint was demurrable.

Appeal from Special Term, New York County.

Action by Ted S. Barron against Leo Feist. From an interlocutory judgment overruling a demurrer to plaintiff's amended complaint for want of facts, defendant appeals. Reversed.

See 101 N. Y. Supp. 72.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

A. S. Gilbert, for appellant.
Alfred B. Nathan, for respondent.

HOUGHTON, J. The amended complaint alleges that in November, 1905, the plaintiff brought an action in the Municipal Court of the city of New York, to which the defendant interposed an answer, and that upon such action coming on for trial the parties entered into a stipulation that they would submit to the justice the question as to whether or not the defendant's answer contained any defense, and that if the justice decided that it did not then judgment was to be entered for plaintiff, but that if he decided that it did contain a defense the action was to be sent to another justice for trial. That thereafter, and on the 27th day of January, 1906, the justice decided that the answer did contain a defense, and instead of sending the case to another justice of the Municipal Court for trial, in accordance with the stipulation, by inadvertence and mistake he rendered a judgment dismissing plaintiff's complaint, with costs amounting to $22.41, which judgment was entered on that day. The complaint further alleges that such judgment was void because in violation of the stipulation, and because it was rendered more than 14 days after its submission to the justice, in violation of section 230 of the Municipal Court Act (Laws 1902, p. 1557, c. 580), and without a trial of the issues, and that the time to appeal therefrom has passed, and that plaintiff has no adequate remedy at law to relieve himself from such judgment, and that defendant threatens to collect the same, and asks that such judgment be declared invalid and void, and be set aside and defendant restrained from enforcing the same.

To this complaint the defendant interposed a demurrer that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled.

The learned trial court in holding that the complaint stated a good cause of action evidently relied upon an obiter statement in Lackner v. American Clothing Co., 112 App. Div. 458, 98 N. Y. Supp. 376. In that case a justice of the Municipal Court had rendered a judgment irrespective of a tender paid into court, inadvertently overlooking that fact. The judgment should have gone for the defendant, but was given to the plaintiff. In holding that the various motions which had been made were ineffectual to relieve the defendant, the learned judge writing the opinion, at its close, remarked that the defendant was not without remedy, for an equity action would lie to give appropriate relief. The record in that case may have contained facts not disclosed in the opinion, but with the broad proposition that an equity action is maintainable to set aside a judgment inadvertently or mistakenly en-

496 NEW YORK SUPPLEMENT (Sup. Ct.

tered by the court without the procurement of the opposite party, we cannot agree. From necessity, in preserving the stability of judgments and insuring that they shall be reviewed only in the manner prescribed by law, the ground upon which a judgment may be impeached in an equity action is very narrow. The rule is that impeachment of a judgment can be had only upon grounds which either could not have been made available to the complaining party at law, or which he was prevented from setting up by fraud, accident, or the wrongful act of the other party without any negligence or fault on his part. Vilas v. Jones, 1 N. Y. 274, 281; Smith v. Nelson, 62 N. Y. 286; Reich v. Cochran, 105 App. Div. 542, 94 N. Y. Supp. 404; Merrifield v. Bell, 60 Hun, 576, 14 N. Y. Supp. 322.

The complaint does not allege that the defendant, by fraud or any other means, induced the municipal justice to enter the judgment. On the contrary, it alleges that the judgment as entered was void, in that it was not rendered by the justice within 14 days after the submission of the case to him, in accordance with the provisions of section 230 of the Municipal Court Act, which section provides that judgment in that court, when not upon a verdict, must be rendered within such time. Section 310 of the Municipal Court Act gives the right of appeal from the Municipal Court to the Appellate Term of the Supreme Court. Although an inferior court has rendered a judgment without jurisdiction, the appellate court may so far act as to reverse the judgment for want of such jurisdiction. McMahon v. Rauhr, 47 N. Y. 67; Catlin v. Rundell, 1 App. Div. 157, 37 N. Y. Supp. 979.

It is not alleged that the plaintiff in this action was prevented by any act of the defendant from appealing from the judgment entered against him. It appears upon the face of the complaint, therefore, that he had an adequate remedy at law by appeal of which, by his own negligence, he did not avail himself. The complaint is not aided by the allegation that the judgment was entered contrary to the stipulation, or without a trial, for the reason that it appears clearly that the plaintiff could have rid himself of it by an appeal to the Appellate Term on the ground that it was rendered more than 14 days after its submission.

The respondent makes the point that whether or not plaintiff has an adequate remedy at law can only be raised by answer, and that a demurrer is not available for that purpose. This is true where that fact does not appear on the face of the complaint. That point is not involved on this appeal, however. The question is not whether plaintiff now has any adequate remedy at law, but whether he did have an adequate remedy at law to rid himself of the judgment, and failed to avail himself of it. If he did have such remedy he should have pursued it, and not having done so. no action will lie in equity. Of course, a demurrer lies to a complaint on the ground that it fails to state facts sufficient to constitute a cause of action in equity as well as at law. Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095.

The interlocutory judgment overruling the demurrer should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend within 20 days, on payment of costs in this court and in the court below. All concur.