TRAINOR v. FURLONG–TOMPKINS CO. et al.

(Supreme Court, Appellate Term.  December 22, 1911.)

COURTS (§ 189*)—MUNICIPAL COURT—INADVERTENT JUDGMENT—VACATION—
MOTION—TIME FOR FILING.

> Under Municipal Court Act (Laws 1902, c. 580) § 254, requiring a motion to vacate a judgment to be made within five days, a judgment inadvertently entered in favor of one of two defendants cannot be vacated on motion made after that time.

> [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by John Trainor against the Furlong-Tompkins Company and another.  From an order vacating a judgment in favor of defendants, and from a judgment for plaintiff, rendered after vacation of the first judgment, defendant Louis Keller appeals.  Reversed, and previous judgment reinstated.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Alfred R. Bunnell, for appellant.

Bergman & Davis (Henry K. Davis, of counsel), for respondent.

LEHMAN, J.  It appears from the return that on the 4th day of May, 1911, judgment herein was entered in favor of both these defendants.  More than five days thereafter a motion was made to set aside this judgment.  This motion was granted, and trial set for June 1st.  At that trial the plaintiff obtained judgment against the defendant Keller, and he appeals from both the judgment and order.

The return states that it was intended that the original judgment should be entered only in favor of the defendant Furlong-Tompkins Company.  Through inadvertence it was entered in favor of both defendants.  It is claimed that, since the original judgment was entered against Keller by inadvertence, the judgment may be vacated at any time.  This, in my opinion, should be the law; but, unfortunately, it is not the law.  The respondent relies for his authority upon the case of Barron v. Feist, 51 Misc. Rep. 589, 101 N. Y. Supp. 72, where likewise the trial justice inadvertently entered an erroneous judgment, and the court held that section 254, which requires that a motion to vacate a judgment must be made within five days, does not apply to a judgment entered by inadvertence; but the respondent has overlooked the fact that the court there nevertheless reversed the judgment, because there is apparently no power in the Municipal Court to set aside a judgment entered by its own inadvertence, unless it can do so under section 254, because it is contrary to law.  The same result was arrived at upon the same reasoning by the Appellate Division of the Second Department in the case of Lackner v. American Clothing Co., 112 App. Div. 438, 98 N. Y. Supp. 376.

It follows that we cannot on this appeal examine the merits of the judgment, but must reverse the judgment and order and reinstate the judgment previously rendered.  The duty of this court is to decide

what powers the Municipal Court has received under the statute, and it has no right to extend these powers by judge-made law. It is, however, in my opinion unfortunate that the statute has so restricted the power of the Municipal Court that in many instances a suitor in what has been denominated the "poor man's court" must seek by an expensive appeal a remedy which the trial justice would and should grant without an appeal.

Judgment and order should be reversed, with costs, and previous judgment reinstated. All concur.