### SMITH v. JAMES T. HAVERTY'S STABLES.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

EXECUTION (§ 377*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF JUDGMENT DEBTOR—AFFIDAVIT—REQUISITES.

An affidavit for the examination of a judgment debtor in supplementary proceedings, as authorized by Code Civ. Proc. § 2436, which avers on information and belief that defendant has certain property which it unjustly refuses to apply to the judgment, but which does not disclose the sources of the information and belief, is fatally defective.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1109–1113, 1132–1135; Dec. Dig. § 377.*]

Appeal from Special Term, New York County.

Proceedings by Thomas Smith, a judgment creditor, for the examination of James T. Haverty's Stables, a judgment debtor, in proceedings supplementary to execution. From an order refusing to vacate an order for the examination, the judgment debtor appeals. Reversed, and motion to vacate granted.

Argued before INGRAHAM, P. J., LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

John W. Browne, of New York City, for appellant.
Abram S. Jaffer, of New York City, for respondent.

DOWLING, J. This is an appeal from an order denying a motion to vacate an order for an examination of the defendant in proceedings supplementary to, but before the return of, execution; the motion being based upon the ground that the affidavit upon which it was granted was jurisdictionally defective.

The portion of the affidavit to which objection is made reads as follows:

"Deponent further says that said judgment debtor has property, consisting of automobiles, automobile accessories, and office fixtures, in premises 144 East Forty-First street, which it unjustly refused to apply to the satisfaction of said judgment as deponent is informed and believes."

Section 2436, Code Civ. Proc., under which the application for the order of examination was made, provides as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"At any time after the issuing of an execution against property, as prescribed in section 2458 of this act, and before the return thereof, the judgment creditor, upon proof, by affidavit, or other competent written evidence, that the judgment debtor has property, which he unjustly refuses to apply towards the satisfaction of the judgment, is entitled to an order, requiring the judgment debtor to attend and be examined concerning his property, at a time and place specified in the order."

In First National Bank of Rome v. Wilson, 13 Hun, 232, it was held that the proof made on the application for an order for examination in supplementary proceedings before the return of the execution should show facts and circumstances, in order that the judge may decide whether there has been an unjust refusal, although, as the court said, the practice had been otherwise to a large extent. The defect, however, was held not to be jurisdictional, and an averment in the language of the statute was held to be sufficient to confer jurisdiction, as the defect was an irregularity which might be waived or amended.

In this case the averment was not in the language of the statute; but, on the contrary, it affirmatively appeared that the allegation that the debtor had property which it unjustly refused to apply to the satisfaction of the judgment was based on information and belief only, the sources of which were not disclosed. Under these conditions the moving affidavit was fatally defective. Barron v. Feist, 51 Misc. Rep. 589, 101 N. Y. Supp. 72.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion to vacate the order for examination granted, with $10 costs. All concur.