TRUSTEES OF THE MASONIC HALL AND ASYLUM FUND, Respondent, *v.* ALFRED G. FONTANA and JOHN BOGGIANO, Appellants, and WILLIAM H. GOMMERSALL, Defendant.

(Supreme Court, Appellate Term, First Department, April, 1917.)

Jurisdiction — of Municipal Court of city of New York — actions — corporations — damages — Stock Corporation Law, § 66.

Corporations — landlord and tenant — judgments — damages — actions — amendment — courts — Code Civ. Pro. § 724 — Municipal Court Code, § 6(7).

The Municipal Court of the city of New York has jurisdiction of an action brought by a judgment creditor of an insolvent corporation against its directors for making a transfer of all its property, prohibited by section 66 of the Stock Corporation Law.

Though it might be necessary for plaintiff in order to fix the amount of damages to prove the assets and liabilities of the corporation at the time of the prohibited transfer, plaintiff's recovery must be limited to the loss sustained, that is, the sum plaintiff would have received had the property of the corporation, upon its being wound up, been converted into money and applied to the payment of its debts *pro rata*.

In ascertaining the liabilities of the corporation neither rent accruing after the making of the prohibited transfer, nor the loss suffered by the lessor in reletting the premises at a lower rental, is to be included, since they do not constitute plaintiff a creditor who had suffered loss by reason of such transfer.

32

The design and purpose of section 66 of the Stock Corporation Law being to secure equality among creditors, plaintiff cannot by means of the right of action given by said section be permitted to gain a preference which another creditor is prohibited from getting directly from the debtor by the same law.

That the court was without power to amend its original judgment in favor of plaintiff by increasing it to an amount in excess of that stated in the decision of the court; such amendment and increase were not the correction of a judgment for an " error in form or substance " within the meaning and intent of section 6(7) of the Municipal Court Code; nor was such amendment within the power of the court under section 724 of the Code of Civil Procedure.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of the plaintiff, and against the defendants Fontana and Boggiano for the sum of $936.33 and costs, and also from an order of the same court.

William Otis Badger, Jr. (Louis J. Wolff, of counsel), for appellants.

Rogers & Rogers (Gustavus A. Rogers and Saul E. Rogers, of counsel), for respondent.

WEEKS, J. This is an action brought by the plaintiff as a creditor of the De Luxe Feature Film Co., Inc., under section 66 of the Stock Corporation Law, to recover from the defendants, who were directors in said corporation, the loss sustained by reason of a transfer of its property to the defendant Fontana in payment of a debt.

It is not disputed that on February 21, 1916, all of the cash assets of said corporation, amounting to $428.09, were paid to the defendant Fontana by a check signed by the defendants Boggiano and Fontana, as president and treasurer respectively, for moneys theretofore advanced by said Fontana to the

amount of $211, and as a payment of $217.09 on account of notes of said corporation held by him which were then past due; that on February 29, 1916, all the other assets of said corporation were sold by the defendant Boggiano for $821.25 and the entire proceeds thereof paid to defendant Fontana on account of said notes; that at the time such payments were made the corporation was in possession of an office under a written lease from the plaintiff, which did not expire until February 1, 1918, at a rental of $100 per month, payable monthly in advance, and that the rent due for the months of December, 1915, and January and February, 1916, had not been paid; that the plaintiff brought suit against said corporation on February 18, 1916, to recover for certain claims, including the rent under said lease for the months of December and January and recovered a judgment on March 10, 1916, for $369.81 upon which execution was duly issued and returned unsatisfied March 16, 1916; that said corporation also failed to pay the rent for the months of March and April, 1916, amounting to $200; that thereafter under the provisions of the lease the plaintiff relet the premises for account of the tenant at a reduced rental of $16.66 per month, which amounted for the unexpired term of the lease to $366.52, and that none of the indebtedness to plaintiff has been paid.

It also appears from the testimony of the defendants that the money paid to the defendant Fontana, amounting to $1,238.34, constituted the entire assets of the corporation and that there were no creditors of the corporation on February 21, 1916, other than the plaintiff, except the defendant Fontana to whom they were indebted in said sum of $211 and also upon three notes for $500 each, all dated October 6, 1915, and payable respectively one, two and three months after date.

Decision was·rendered by the trial court in favor of the plaintiff on November 6, 1916, for $936.33 and costs and judgment entered accordingly and thereafter an order was entered January 5, 1917, amending said judgment *nunc pro tunc* as of November 6, 1916, so that the same should be in the sum of $1,000 besides the costs and interest of this action, in pursuance of which judgment was entered for $1,096.51.

This appeal is taken from the original judgment and from the order amending same and also from the judgment, as amended.

The contention of the appellants that the Municipal Court had no jurisdiction of the subject matter of this action for the reason that the action, although one at law, is in reality equitable in its nature, is without merit.

The Municipal Court, by section 6, subdivision 1, of the Municipal Court Code, is given jurisdiction, with certain specified exceptions, of an action to recover damages for an injury to property, which is defined by section 3343, subdivision 10, of the Code of Civil Procedure, to be " an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract."

As stated in *Ghiglione* v. *Friedman,* 115 App. Div. 606: " It is plain from this definition that the expression ' injury to property ' as used in the act, is to be given a broad and unrestricted meaning, so as to include every invasion of one's property rights by actionable wrong, and the decisions in this State have quite uniformly construed the expression in this manner. (*Buckley* v. *Mayor,* 30 App. Div. 463–466; *Stewart* v. *Lyman,* 62 id. 182–185; *Bogart* v. *Dart,* 25 Hun, 395; *Weiller* v. *Schreiber,* 63 How. Pr. 491; *Cleveland* v. *Barrows,* 59 Barb. 364.)"

The acts of the defendant unquestionably lessened the

estate of the plaintiff and were made actionable by the statute.

The provisions of section 66 of the Stock Corporation Law under which this action was brought, so far as pertinent to the questions involved herein, are as follows:

" § 66.   Prohibited transfers to officers or stockholders.   No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash.   No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor of the corporation, shall be valid, * * *.   Every director or officer of a corporation who shall violate or be concerned in violating any provisions of this section, shall be personally liable. to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation."

In *Caesar* v. *Bernard,* 156 App. Div. 724; affd. on opinion below, 209 N. Y. 570, the court said, referring to the last provisions: " The liability created by this statute against directors and officers is for the loss sustained by creditors through wrongful acts of directors and officers, by which the funds of the corporation have been depleted, and

instead of requiring that the action shall be brought by, or in the right of, the corporation to restore its funds, the Legislature gave a cause of action to the creditors and stockholders in their own right to recover the damages sustained."

In the case now under consideration it cannot be questioned that the corporation had failed to pay its notes when due and that the transfers were made to an officer and director in payment of a debt, and that it was actually insolvent, as its liabilities far exceeded its assets and it transferred all its property and discontinued business and that the transfers of its property were made with the intent of giving a preference and that such transfers were made by the defendants who were at the time officers and directors.

Even though it may be necessary for plaintiff to prove the assets and liabilities of the corporation at the time of the prohibited transfer in order to fix the amount of its damages, that fact does not go to the question of the jurisdiction of the court over the subject matter of this action.

Section 180 of the Municipal Court Code provides that: " every fair intendment shall be made in favor of its jurisdiction," and none of the cases cited by appellant in any way limit the application of that section where the question to be considered is whether the jurisdictional facts exist in any given case. This was clearly pointed out in *Mitchell* v. *Schroeder,* 94 Misc. Rep. 270; affd. on opinion below, 174 App. Div. 857.

Although we are satisfied that the court has jurisdiction and that the plaintiff established its right to recover, the amount of damages awarded by the trial court cannot be sustained.

The recovery is not to be measured by the amount of the debt but is limited to the *loss sustained.*

As stated in *Caesar* v. *Bernard, supra:* " The Legislature manifestly intended to impose upon the directors and officers personal liability to creditors, not for the debts of the corporation, but so far as necessary to indemnify creditors ' to the full extent of any loss ' sustained through the violation of the statute, and to that extent only. If the corporation retained sufficient assets to discharge its obligations to creditors, the latter would sustain no loss. The loss would be presumptively, I think, the amount for which an execution duly issued could not be satisfied in consequence of the disposition of property in violation of the statute."

At the time of the preferential transfers complained of the only amount then due from the corporation to the plaintiff was for installments of rent under the lease for the months of December, January and February, but, as the plaintiff had commenced its action for rent after February first without including a claim for the February rent, the judgment recovered is a bar to the recovery of the rent payable February 1, 1916. *Pakas* v. *Hollingshead,* 184 N. Y. 211; *Goldberg* v. *Eastern Brewing Co.,* 136 App. Div. 692; *Drexler* v. *Cohen,* 108 N. Y. Supp. 679; *Dusenbury* v. *Habisreitinger,* 72 Misc. Rep. 61.

As to the rent accruing after the preferential transfers and as to the loss suffered by plaintiff in reletting the premises at a lower rental, the plaintiff cannot be considered a creditor who had suffered " loss " by reason of such transfers.

The lease created a contingent liability which only ripened into a debt as the premises were used or as the rent of each month fell due. *Sanford* v. *Rhoads,* 113 App. Div. 782–784.

The authorities which construe other statutes fixing liability upon directors of corporations for *debts* con-

tracted and payable within a limited period or *debts* existing at the time of making a report are not controlling· in determining the liability of these defendants.

While it has been held, construing the statute under which this action has been brought, that the action can be maintained by a tort creditor although not a judgment creditor at the time of the transfers complained of (*Kain* v. *Larkin,* 4 App. Div. 209), it must also be shown that the liability of the corporation for the tort which was the basis of the judgment had accrued before the transfers were made. *Ginsberg* v. *Automobile Coaching Co.,* 151 App. Div. 627.

The plaintiff was undoubtedly a creditor at the time of the prohibited transfers. The only question to be determined is the " full extent of any loss " which it suffered by reason of the violation of the statutes.

As was said in *Lodi Chemical Co.* v. *National Lead Co.,* 41 App. Div. 535: " The policy underlying each statute is the same, viz.: ' The object to be accomplished by it is to secure equality among all creditors of a corporation, and to prevent fraudulent transfers in derogation or in fraud of their rights.' (*O'Brien* v. *East River Bridge Co.,* 36 App. Div. 24) * * *. The underlying purpose of the statute, therefore, being to secure equality amongst creditors, that purpose should be effectuated and not destroyed. * * * If the design and purpose of the 48th section (now § 66) is to secure equality among creditors, it would be inconsistent to allow one creditor, by means of the right of action given by the statute, to gain that preference through the law which another creditor is prohibited from getting directly from the debtor by the same law. It would be inconsequent to hold that by means of a suit, brought by one creditor against another, upon a statute intended to secure equality of

distribution, the creditor suing could secure preference to himself and defeat the purpose of the statute.''

This principle has been recently applied in *Curran* v. *Oppenheimer*, 164 App. Div. 746, in an action brought under sections 90 and 91 of the General Corporation Law. In that case, referring to *Darcy* v. *Brooklyn & New York Ferry Co.*, 196 N. Y. 99 (cited by respondent herein in support of the jurisdiction of the court), and *Hurd* v. *New York & Commercial Steam Laundry Co.*, 167 N. Y. 89, the court said, at page 749: '' It is true, as stated in the authorities cited, that the assets of a corporation constitute a trust fund for the payment of its debts and that a creditor cannot be wrongfully deprived of his equitable lien thereon. But it by no means follows that the mere failure to formally go through dissolution proceedings entitles a creditor, in the absence of proof of fraud or bad faith, to recover from the directors the amount of his claim when it affirmatively appears that he would not have been entitled to the payment of any part of it had the corporation been thus dissolved. A creditor's remedy under a situation similar to that presented by this record, I think extends only to the property which would have been, but for the action of the directors, applicable to the payment of his claim. If this be so, then all that remains is to ascertain how much, if anything, the plaintiff would have received in case the corporation had been formally dissolved.''

In *Pennsylvania R. R. Co.* v. *Pedrick*, 234 Fed. Repr. 781–786, the court said: '' The defendants contend that, before plaintiff could maintain its action to recover its ' loss ' from the directors, there must have been an accounting to ascertain such loss, and that the ' loss ' could not be proved by evidence taken on this trial. I cannot so construe this statute. There is

always difficulty in proving the damages in such a case, but I think the ' loss ' sustained was the sum plaintiff would have received, had the corporation been wound up and its property, so far as improperly transferred, converted to money and applied to the payment of its debts *pro rata.*"

In the instant case there is no difficulty in determining the full extent of the loss suffered by the prohibited transfers.

The defendant Fontana was at the time a creditor of the corporation for money advanced for salaries and upon three notes, all past due, amounting on February 29, 1916, to $1,731.76. The plaintiff in its action, which was then pending, subsequently recovered a judgment for $369.81. The total debts of the corporation therefore amounted at that time to $2,101.57. The total assets of the corporation were $1,249.34. The amount of plaintiff's loss therefore was $219.84, for which amount, with interest from February 29, 1916, judgment should have been awarded.

The order entered January 5, 1917, amending the judgment of November 6, 1916, and increasing the amount of recovery from $936.33 and costs, " so that the same shall be in the sum of $1,000 besides the costs and interest," was without authority.

The time within which the court was required to render judgment under section 119 of the Municipal Court Code had been extended by stipulation to November 6, 1916, on which date the decision was rendered in favor of plaintiff for $936.33, which was the total amount of plaintiff's claim less $100, and judgment was entered thereon for $994.33.

The second cause of action set forth in the complaint was for the February rent amounting to $100 and a specific motion had been made to dismiss the complaint as to that cause of action.

Although the affidavit upon which the motion to amend was granted stated that, in submitting his brief, counsel "inadvertently gave the figures for which judgment was asked for, in the sum of $936.33," we cannot assume that in rendering a decision for a specific amount *without interest* the court was unmindful of the claim as to which evidence had been presented and of the fact that the complaint claimed that plaintiff was entitled to an amount larger than the amount awarded *together with interest,* especially as the exact difference was the amount of one of the alleged causes of action.

The order appealed from resulted in the entry of a judgment which is not in accord with the only decision rendered by the court and which was not entered until nearly six weeks after the expiration of the time within which defendants were required to appeal from the judgment in order to protect their rights.

Manifestly the court had no power, nearly two months after the entry of the judgment, to amend the judgment by increasing it to an amount in excess of the amount stated in its decision. *Vitale* v. *Gants,* 123 N. Y. Supp. 45, citing *Heath* v. *New York Building Loan Banking Co.,* 146 N. Y. 260.

As stated in *Heinitz* v. *Darmstadt,* 140 App. Div. 252, 253: "A trial court may not, after the final judgment, by amendment, change a ruling upon the law, or alter the decision upon the merits, for by so doing, the substantial rights of the adverse party would be really affected." *Bohlen* v. *Metropolitan E. R. Co.,* 121 N. Y. 546; *Smith* v. *Smith,* 121 App. Div. 480.

The amendment and increase of the judgment in the instant case was not the correction of a judgment for an "error in form or substance" within the meaning and intent of section 6, subdivision 7, of the Municipal Court Code. Such errors, as was pointed out in

*Petsche* v. *MacDonald,* 94 Misc. Rep. 655; '' must be found in the record itself.'' Nor was such an amendment within the power of the court under section 724 of the Code of Civil Procedure, now applicable to the Municipal Court, which is limited to cases arising from the mistakes, inadvertence, surprise or excusable neglect *of the party seeking relief. Lackner* v. *American Clothing Co.,* 112 App. Div. 438, 441; *Barron* v. *Feist,* 51 Misc. Rep. 589.

Bijur and Hendrick, JJ., concur.

The order amending the judgment must, therefore, be reversed, without costs, and the judgment as amended must be vacated, and the judgment of November 6, 1916, modified, with $25 costs to appellant, by reducing the same to the sum of $219.84, with interest from February 29, 1916, with proper costs in the court below.