FRANCIS P. SHERWOOD, as Trustee in Bankruptcy of HOLBROOK & SCHAEFER, INC., Appellant, *v.* THEODORE S. HOLBROOK and Others, Respondents.

First Department, July 3, 1919.

Corporation — insolvency — preference — action under section 66 of Stock Corporation Law to set aside transfers to creditors — evidence of intent to prefer.

Where in an action under section 66 of the Stock Corporation Law to set aside transfers alleged to have been made by a corporation while insolvent, with the intent of giving a preference, it appeared that the corporation made several payments within a few days before it stopped business to the brother-in-law and the wife of a member of the corporation, from

whom it had borrowed money and that at the time of said payments there were several thousand dollars of unsigned checks drawn to pay its bills, but which were not sent out because of lack of funds, the failure to sign and send out the checks was a confession of insolvency, and the large payments made to relatives within a few days of stopping business constitute strong evidence of intended preferential payments.

The fact that the corporation, which was an advertising agency, was forced to stop business by the refusal of the Newspapers Publishers Association to extend credit after said payments were made does not overcome the evidence that a preference was intended.

APPEAL by the plaintiff, Francis P. Sherwood, as trustee in bankruptcy, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 26th day of January, 1918, upon the decision of the court dismissing the complaint after a trial at the New York Special Term.

*Romeyn Berry* of counsel [*Morris, Plante & Saxe*, attorneys], for the appellant.

*Nicholas A. Donnelly* of counsel [*Harold H. O'Conner* with him on the brief; *Gillespie & O'Conner*, attorneys], for the respondents Theodore S. Holbrook and Edward Schaefer.

*Jerome C. Lewis*, for the respondent Anna M. Schaefer.

*George W. Tucker* of counsel [*Gantz & Tucker*, attorneys], for the respondent vomSaal.

SMITH, J.:

Holbrook & Schaefer was a corporation doing business as an advertising agency, having been engaged in business for about fifteen years. On December 30, 1914, the company had to borrow $3,000 to pay some pressing bills. This they borrowed of the defendant vomSaal. About February 1, 1915, three debtors of the company failed and defaulted in substantial amounts. On February eighteenth of that year the corporation stopped doing business and it was owing more than twice the amount of its assets.

This is an action to set aside three payments made upon February thirteenth, sixteenth and eighteenth, one to. this defendant vomSaal of the $3,000 loaned the last of December,

First Department, July, 1919. [Vol. 188.

for which he had taken a ten-day note at the time of the loan, and one to the wife of Edward Schaefer, Anna M. Schaefer, and another to vomSaal for moneys theretofore borrowed. The action is brought under section 66 of the Stock Corporation Law (Consol. Laws, chap. 59; Laws of 1909, chap. 61), to set aside these transfers as being made when the company was insolvent, with the intent of giving a preference to these creditors.

This vomSaal was the brother-in-law of Schaefer, and the other defendant the wife of Schaefer. The trial court held that there was no evidence of an intent to give a preference.

These advertising agencies are wholly in the hands of the Newspapers Publishers Association, which practically determines whether credit should be given to these concerns, and if this association determines that it could not, then the advertising agency can secure no publication of their advertisements without the ready cash, and is compelled to stop business. On February eighteenth, after the last of these three payments was made, Schaefer went to Murray, who represented this publishers association, to talk the matter over with him, and Murray at once told him that the corporation would have to stop doing business. The claim of the defendants is that inasmuch as these payments were made before this talk with Murray, the corporation had no knowledge that it would be required to stop doing business at that time, and that credit would be refused to it, and, therefore, the payments could not have been intended as preferential payments. But these payments, aggregating about $4,000, left the bank account at about $800. Checks had been already drawn by the clerk for the payment of bills due, amounting to over $3,000 owing to other concerns. These checks had not been signed or sent out because there were no moneys in hand to pay them. This itself is a confession of insolvency, and large payments made to relatives within a few days of stopping business, for lack of moneys or credit, constitute strong evidence of intended preferential payments. There is no pretense that this agency, after these payments, was in condition to continue business and pay its accruing bills. In fact the $3,000 paid to vomSaal was loaned to the company only the December before, to enable it to continue business. While vomSaal has a moral

claim to repayment because of the moneys so recently loaned, nevertheless, he took no security, and he became simply a general creditor, whose claim this agency had no right to prefer. The inevitable effect of these payments was to put the concern out of business and prefer these creditors. To hold that such was not the intent of the bankrupt corporation is to my mind to ignore a palpable fact.

The judgment should, therefore, be reversed and judgment directed in favor of the plaintiff upon appropriate findings to be submitted.

CLARKE, P. J., LAUGHLIN, MERRELL and PHILBIN, JJ., concurred.

Judgment reversed and judgment directed in favor of plaintiff. Order to be settled on notice.