In the Matter of **WILLIAM BOOKHEIM & SONS, INC.,** Bankrupt.

**Michael F. WALDENMAIER and George Waldenmaier, Jr.,** Petitioners-Appellants,

**GLOBE FOOD SALES CO., Inc.,** Appellee.

No. 9, Docket 31675.

United States Court of Appeals Second Circuit.

Submitted Sept. 6, 1968.

Decided Oct. 28, 1968.

William J. Schoonmaker, Albany, N. Y., for petitioners-appellants.

Leonard E. Friedlander, Albany, N. Y., for appellee.

Before LUMBARD, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

The petitioners, who are unsecured general creditors of the bankrupt, appeal

from the decision of the District Court for the Northern District of New York confirming the order of the Referee in Bankruptcy which upheld the validity of a mortgage lien.

The mortgage in question was executed by the bankrupt, William Bookheim & Sons, Inc. (Bookheim) to Globe Food Sales Co., Inc. (Globe) on July 18, 1962 and was duly recorded three weeks later. From the conflicting testimony, the Referee found that the consideration for the mortgage was merchandise delivered by Globe to the bankrupt one week before the execution of the mortgage. The principal issue on appeal is whether that mortgage is void under § 15 of the New York Stock Corporation Law, McKinney's Consol.Laws, c. 59, which reads in pertinent part:

> "No conveyance * * * nor any * * * lien created or security given by [the corporation] or by any officer * * * when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference * * * shall be valid."

▇▇▇ To set aside the transfer under § 15, the complaining creditor must establish, among other things, that insolvency existed or was imminent at the time when the transfer was made; that the transfer resulted in a preference; and that the transferor intended to give a preference to the transferee. Haberman v. Larens Corp., 35 N.Y.S.2d 533, 535 (Sup.Ct.1942); In re Anjopa Paper & Board Manuf. Co., 269 F.Supp. 241, 263 (S.D.N.Y.1967). The petitioners have not carried their burden with respect to these three issues. There is evidence, including the continued operation of the bankrupt for eight months, to support a finding that insolvency was not imminent. Globe delivered the merchandise on condition that Bookheim give the mortgage; and such new and fair consideration belies the existence of

a preference. Shaw v. Jewel Radio Corporation, 6 A.D.2d 707, 174 N.Y.S.2d 315 (1958). Finally, there is sufficient evidence from which the Referee could fairly have concluded that Bookheim did not intend to prefer Globe over other creditors. Since the Referee's findings of fact are not clearly erroneous, based as they are in large part on the credibility of witnesses, the determination of the validity of the mortgage was proper.

We affirm.

LUMBARD, Chief Judge (dissenting):

I dissent. I would remand to the district court for a specific finding on whether Bookheim was "insolvent, or its insolvency imminent" at the time the mortgage was given.

The referee did not make such a finding because he wrongly believed that Section 15 would not apply if the transfer was made for a fair present consideration, and because he did not make this finding, his finding of "no intent to prefer" is also suspect. The district court did not repeat this error, but instead glossed over the referee's failure by saying that his decision, "read as a whole, finds the corporation was not insolvent or in danger of imminent insolvency" when the mortgage was given. The court thought its finding was justified because the referee had believed the president of Bookheim when he said that he had no intention of going into bankruptcy at the time the mortgage was given. This is not enough to support the required finding on the question of insolvency.

The language of the statute is plain and unambiguous; there is no reason why the court should not make findings equally plain and unambiguous based upon the record or the findings of the referee.