119 U.S. 450
 7 S.Ct. 281
 30 L.Ed. 462
 WINCHESTER, TRUSTEE, and others
v.
HEISKELL and others.
 December 13, 1886.
 
 The facts disclosed by the record are, in brief, as follows:
 On the sixteenth of February, 1869, Annie L. Jones and others, the widow and heirs at law of William E. Jones, deceased, filed their bill in the chancery court of Shelby county, Tennessee, against D. H. Townsend, to set aside and cancel a sheriff's deed purporting to convey certain lands to him, and to be quieted in their title to the property. The defendants in error, Heiskell, Scott & Heiskell, were employed by Townsend to defend this suit, which they did successfully, and at the December term, 1876, obtained a decree of the supreme court of the state establishing his title to the property. On the eighteenth of June, 1875, while this suit was pending, Townsend conveyed the land in dispute to George W. Winchester, in trust, to secure certain debts owing by him, and for which Ben May was bound as indorser. On the thirtieth of November, 1875. Townsend filed his petition in bankruptcy, and on the twelfth of January, 1876, T.S. Winchester was duly appointed his assignee.
 In the decree of the supreme court establishing the title of Townsend to the land appears the following: 'And it being suggested to the court that, pending the proceeding in this court, the title of the said Townsend has been assigned to Thomas S. Winchester, assignee in bankruptcy, it is, with the consent of the said Townsend by his counsel, ordered that the said Winchester be made a party to this decree, and, by consent, this cause is remanded to the chancery court of Shelby county to take * * * an account and make report of the reasonable counsel fee of the counsel, Heiskell, Scott & Heiskell, for which a lien is hereby declared on the premises in controversy, the said Winchester asking that the account be taken below.' Under this order the cause was remanded, the account taken in the chancery court, the amount due ascertained, the lien declared, and the property sold to Heiskell, Scott & Heiskell for its satisfaction.
 On the twelfth of February, 1880, the present appellants filed this bill in the chancery court of Shelby county against Heiskell, Scott & Heiskell to enforce the lien of the deed of trust executed by Townsend to George W. Winchester, trustee, claiming that their title under this deed is superior to that of the defendants under their purchase at the sale which had been ordered in the former case. In their bill they allege that they are not bound by the decree in the original suit, because 'neither they nor the interest in said land that they represented were before the court when said decree was pronounced, and they had no representative before said court. The suit was not revived or reinstated in their names, or in t e name of the trustee, after Townsend's bankruptcy, and the assignment of his assets in bankruptcy.' This is the substance of the allegations of the bill on this branch of the case. The hearing was originally had before a commission of referees appointed under a statute of Tennessee, and in their report it is said, among other things: 'This proceeding in the chancery court, on the reference as to the amount of the fee, etc., is not such a matter in bankruptcy as is contemplated by section 711 of the Revised Statutes of the United States 1878, especially under the circumstances of this case.' The report of the referees was confirmed by the supreme court. In its first decision no reference was made to the question of the jurisdiction of the state court in the original suit to adjudicate as to the lien for fees, in view of the provisions of section 711 of the Revised Statutes; but, on a petition for rehearing and a suggestion of this omission, the decree was modified as follows: 'The court being of the opinion that this court had jurisdiction in the case of Annie L. Jones v. D. H. Townsend, mentioned and set forth in the record, to declare the attorney's lien in favor of the defendants in this case on the tract of land described in the pleadings, and that the chancery court of Shelby county, Tenn., had jurisdiction to enforce said lien on said property by the proceedings, decrees, and sale, as shown in the record, notwithstanding the bankruptcy of D. H. Townsend, and the bankrupt proceedings in the district court of the United States for the Western district of Tennessee, as shown in the record, and notwithstanding the provisions of the 711th section of the Revised Statutes of the United States, and notwithstanding the provisions of the sections of said Revised Statutes embraced in title 61, 'Bankruptcy,' the court adjudges that the authority exercised by the state courts in said proceedings is not repugnant to the said laws of the United States. In construing said laws of the United States, the court is of the opinion that, under the circumstances of the case as shown by the record, the said state courts had the jurisdiction to declare and enforce said liens on the land in question, and that under the said proceedings the defendants acquired a good and valid title to the land in controversy, and that the title is not and was not void, and a cloud on the complainants' right and title, and the court doth so order and decree.'
 Upon this state of facts the appellees have moved (1) to dismiss the writ of error for want of jurisdiction, or (2) to affirm under rule 6, cl. 5.
 Henry Craft, Thos. B. Turley, and L. W. Humes, for defendants in error. B. M. Estes, for plaintiffs in error.
 WAITE, C. J.
 
 
 1
 One of the questions presented by the bill was as to the binding effect of the decree in the original case upon the complainants in this suit. Objection was not made in the pleadings to the jurisdiction of the court over the subject-matter of the action on account of the exclusive jurisdiction of the courts of the United States, under section 711 of the Revised Statutes, 'of all matters and proceedings in bankruptcy,' but it clearly was at the trial before the referees, and it was directly presented to and decided by the supreme court. An immunity was claimed by the appellants under this statute from the operation of the decree of the state court on their rights, because that statute made the jurisdiction of the courts of the United States exclusive in such cases. We thus have jurisdiction, but, as the decision of the state court upon this question was clearly right, we do not care to hear further argument. The assignee in bankruptcy appeared in the state court, and litigated his rights there. This he had authority to do, and the judgment in such an action is binding on him. This we have many times decided. Mays v. Fritton, 20 Wall. 414; Doe v. Childress, 21 Wall. 642, 647; Scott v. Kelly, 22 Wall. 57; Eyster v. Gaff, 91 U. S. 521; Burbank v. Bigelow, 92 U. S. 182; Jerome v. McCarter, 94 U. S. 737; McHenry v. La Societe Fra caise, 95 U. S. 58; Davis v. Friedlander, 104 U. S. 570. The question here is not whether that decree thus rendered binds these appellants, but whether the state court had jurisdiction so as to bind those who were parties to the suit, and those whom the parties in law represented.
 
 
 2
 The motion to dismiss is denied, and that to affirm granted.