(78 Misc. Rep. 38.)

### GELDER v. NATIONAL SURETY CO.

(Supreme Court, Appellate Term, First Department. October 23, 1912.)

APPEAL AND ERROR (§ 1231*)—SUPERSEDEAS BOND—ENFORCEMENT.

Plaintiff having recovered a judgment against a corporation, it executed a bond to stay execution pending appeal, reciting, as provided by Code Civ. Proc. § 1327, that if the appeal was dismissed the corporation would pay the sum directed to be paid by the judgment. The appeal was dismissed, but thereafter the corporation moved at Special Term to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

set aside the verdict and for a new trial. This motion was denied, but on appeal the order was reversed and a new trial ordered. *Held*, that the stay bond required a valid judgment to sustain it, and hence, the judgment having been set aside, no action could be maintained on the bond, though the appeal in which it was granted was in fact dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4751, 4752; Dec. Dig. § 1231.*]

Appeal from City Court of New York, Special Term.

Action by Barney Gelder against the National Surety Company. From an order granting plaintiff's motion for judgment on the pleadings, and from a judgment entered thereon, defendant appeals. Reversed.

See, also, 133 N. Y. Supp. 1029.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Amos H. Stephens, of New York City (Benjamin C. Loder, of New York City, of counsel), for appellant.

Herbert S. Murphy, of New York City (Jules H. Baer, of New York City, of counsel), for respondent.

SEABURY, J. This is an appeal from an order granting plaintiff's motion for judgment on the pleadings and awarding plaintiff a judgment against this defendant for $2,309.64. The action is brought upon an undertaking given by this defendant in an action brought in the Supreme Court entitled Gelder v. International Ore Treating Company. The undertaking is in the form prescribed by section 1327 of the Code of Civil Procedure, and was furnished by the defendant in that action to stay execution upon a judgment recovered by Gelder against the International Ore Treating Company. Subsequently, the appeal from the judgment was dismissed. Thereafter, the defendant in that action moved at Special Term to set aside the verdict and for a new trial. That motion was denied, and upon appeal the order entered thereon was reversed and a new trial ordered. The undertaking upon which the present action is brought provided that, "if the appeal is dismissed, the appellant will pay the sum recovered, or directed to be paid by the judgment."

The facts recited above all appear in the pleadings upon which the court below awarded judgment in favor of the plaintiff. The contention of the respondent, and the view adopted by the learned court below, proceed from a very strict and literal interpretation of the undertaking. The provision of the undertaking that, if the appeal is dismissed, the defendant will pay the amount directed to be paid by the judgment, assumes the existence of the judgment itself. Here, the action of the appellate court in setting aside the verdict and ordering a new trial necessarily extinguished the judgment. It may be that the record of the judgment still remained of record uncanceled, but the judgment itself was without any vitality. The effect of the order of the Appellate Division ordering

a new trial was very clearly stated in the opinion of the court, wherein it is said:

"By the order of this court setting aside the verdict herein and ordering a new trial, the foundation of the judgment was taken away. The issues raised by the pleadings are now undisposed of, and, until such issues are tried and determined, there can be no judgment in the action." Gelder v. International Ore Treating Co., 150 App. Div. 916, 135 N. Y. Supp. 406.

The evident purpose and intent of the undertaking was that if the International Ore Treating Company was required to pay the judgment, or if its principal had exhausted all legal efforts to overthrow the judgment, that the defendant as surety would then pay the amount specified in the undertaking. If the defendant's principal was not liable upon the judgment, it necessarily follows that the defendant as surety should not be held liable upon its obligation of suretyship. The intent of the parties to the contract of suretyship was that the defendant should not be liable unless the liability of its principal was established. The action of the Appellate Division in setting aside the verdict and ordering a new trial destroyed the foundation upon which the judgment rested, and left the question of the liability of the principal of this defendant still open for determination. To construe the contract of suretyship to mean that the surety is liable without regard to the liability of its principal is to give it a meaning contrary to its obvious purpose, and to fasten upon this defendant a liability which the parties to the contract never contemplated that it should incur. Such a construction is not only highly unreasonable, but extremely unjust. When viewed in the light of these general principles, this case seems so clear that an appeal to authority is hardly necessary.

Judgment and order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.