**PROVIDENTIAL DEVELOPMENT COMPANY, a corporation, and W. C. Jackson, Appellants,**

v.

**UNITED STATES STEEL COMPANY, a corporation, Appellee.**

**No. 5335.**

United States Court of Appeals
Tenth Circuit.

Aug. 11, 1956.

278

B. W. Tabor, Tulsa, Okl. (Stevenson,. Huser & Huser, Holdenville, Okl., Rucker, Tabor & Cox, Joe Francis, Tulsa, Okl., were with him on the brief), for appellants.

B. Andrew Potter, Oklahoma City,. Okl. (Rainey, Flynn, Green & Anderson, Oklahoma City, Okl., were with him on the brief), for appellee.

Before BRATTON, Chief Judge,. PHILLIPS, Circuit Judge, and ROGERS, District Judge.

BRATTON, Chief Judge.

For brevity, reference will be made to Providential Development Company and W. C. Jackson as Providential, to Fred C. Summers as Summers, to United States Steel Company as Steel, to the United States Court for the Western District of Oklahoma as the Court for Western Oklahoma, and to the United States Court for the Northern District. of Oklahoma as the Court for Northern Oklahoma.

Providential owned an oil and gas lease covering certain land in Oklahoma. Summers was engaged in the business of drilling wells for oil and gas. These parties entered into a contract under which Summers was to drill a well on the land covered by the lease. Providential was to pay a specified price per foot for the drilling and furnish the pipe for use in the well. The well was drilled to a producing horizon. Providential furnished to Summers pipe man-

ufactured by Steel and a portion of it was put in the hole. At a point approximately 2,115 feet below the surface of the ground, the pipe parted at a factory-screwed-on collar. Efforts to correct the situation were unavailing and the result was loss of the well. At the request and under the direction of Providential, Summers skidded the rig to a new location and drilled a completed well. Summers filed in the office of the county clerk of the county in which the leasehold estate was located a verified lien statement and claim against the property and the owners thereof; and he instituted in the state court an action against Providential to foreclose the lien for the drilling of the well which was lost. By amended complaint, Steel was joined as a party defendant; and it seasonably caused the action to be removed to the Court for Western Oklahoma. It was alleged in the amended complaint that the pipe was defective, unsafe, unsound, and unsuited for its intended use; and that such condition proximately caused the parting at the collar with the resulting loss of the well. Providential denied that the pipe was defective and unsuited for its intended use; and by cross complaint, it sought in the alternative to recover against Steel for its loss sustained as the result of the pipe being defective, as alleged in the amended complaint. By answer to the amended complaint and also by answer to the cross complaint, Steel denied that the pipe was defective, unsafe, unsound, or unsuited for its intended use. The cause came on for trial on the merits. When Summers rested his case in chief, the court found that there was no evidence that the pipe was defective when manufactured and sold by Steel and no evidence that the pipe was unsuited for the purpose for which it was intended to be used; and predicated upon such findings, judgment was entered dismissing as to Steel both the action of plaintiff and the cross complaint of Providential. Later, the cause proceeded to final hearing as between Summers and Providential. As between such parties, the court found that the pipe was defective; that due to the defective condition, one joint separated from the collar screwed thereon by the factory; and that such defective condition was latent, hidden, and concealed. Judgment was entered for Summers against Providential for the damages sustained, together with attorneys fees to be taxed as costs. Providential filed a motion to set aside the findings of fact, conclusions of law, and judgment. One ground of the motion was that after the dismissal of the cross complaint against Steel, the court permitted the parties to go into the question of the defective pipe; and that the parties then remaining in the case were prejudiced by the dismissal of the cross complaint. The motion was denied. At the time of such denial, Providential demanded in open court that Steel protect it against the judgment; and the demand was refused. No appeal was perfected from either judgment entered in the cause.

After final disposition had been made of the case in the Court for Western Oklahoma in the manner indicated, Providential instituted in the Court for Northern Oklahoma this action against Steel. The complaint alleged the making of the contract for the drilling of the well, the drilling of the well, the manufacture and furnishing of the pipe, the parting of the pipe, the loss of the well, the institution of the action in the Court for Western Oklahoma, the entry of the judgment against Providential in such action, and the refusal of Steel to protect Providential in respect to such judgment. And the complaint further alleged that because of the negligence of Steel in manufacturing and selling defective pipe in violation of an implied warranty, Providential became liable to Summers, lost the unretrieved pipe in the well, and lost certain cement. Judgment was prayed for the losses sustained in that manner. The court dismissed the action on the ground that the judgment entered in the cause in the Court for Western Oklahoma constituted res judicata of all issues pleaded in the complaint in this action.

It is contended that the court erred in concluding that the judgment entered by the Court for Western Oklahoma dismissing Steel from the action pending in that court constituted a bar to the maintaining of this action. The general principles of res judicata and estoppel by judgment have been clearly blueprinted. It is the rule of long standing and frequent repetition that where a second suit between the same parties, or their privies, is on the same cause of action, the final judgment in the prior action is conclusive as to all matters which were actually litigated and as to every issue, claim, or defense which might have been presented; and that where the later suit is upon a different cause of action, the judgment in the former operates as an estoppel only in respect to the issues and questions which were actually litigated and determined. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355; Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898; United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36; United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182; Happy Elevator No. 2 v. Osage Construction Co., 10 Cir., 209 F.2d 459; First National Bank in Wichita v. Luther, 10 Cir., 217 F.2d 262. Providential and Steel were parties to the former action and they were parties to this one. The liability of Steel arising out of the asserted manufacture and sale of defective pipe was an issue in the former action and it was an issue in this one. In the former action, the issue was tendered both in the amended complaint of Summers and in the cross complaint of Providential, and in this action it was tendered in the complaint. It is manifest that as between Providential and Steel there were in the two actions identity of parties and identity of issues in respect to the liability of Steel based upon the asserted manufacture and sale of defective pipe.

Providential urges however that in the Court for Western Oklahoma there was no trial on the merits joined between the present litigants and therefore the judgment entered in that court in favor of Steel did not constitute res judicata here. Neither the amended complaint of Summers nor the cross complaint of Providential was dismissed or stricken in whole or in part on demurrer, motion, or other like preliminary pleading. The tendered issue of liability on the part of Steel based upon asserted manufacture and sale of defective pipe was not eliminated from that case upon any preliminary, subsidiary, or technical plea or objection. The issue was joined when the case went to trial and it was judicially determined on its merits by entry of the judgment dismissing the action as to Steel. A final judgment of a court of competent jurisdiction upon the merits concludes the parties to the litigation and their privies even though the court may have been mistaken as to the facts, or may have misconceived the law. And the word "merits" in the sense used means the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, or form. Clegg v. United States, 10 Cir., 112 F.2d 886. Viewed in the light of that general rule, it is clear that the judgment entered in the Court for Western Oklahoma was on the merits joined between the present litigants, even though it may have been entered prematurely or was otherwise burdened with procedural error.

Providential advances the further contention that the defense of res judicata was not available to Steel for the reason that there had been a change of condition since the entry of the judgment in the Court for Western Oklahoma dismissing the action as to Steel. The argument in support of the contention is that there had been an intervening decision in the case in Western Oklahoma determining that Providential was indebted to Summers as the result of furnishing defective pipe for use in the well. It was recently held in effect that the general

rule of res judicata is not a defense where between the time of the first judgment and the second there has been a change in the law which created an altered situation. State Farm Mutual Automobile Insurance Co. v. Duel, 324 U.S. 154, 65 S.Ct. 573, 89 L.Ed. 812. But that rule does not lend aid to Providential in its effort to escape the binding consequence of res judicata. In its first judgment entered, the Court for Western Oklahoma determined only that Steel was not liable to Summers or to Providential. In its later judgment, the same court determined that Providential was liable to Summers. But the court did not determine that Steel was liable to anyone. In other words, there was no intervening change of condition by decision of that court in respect to the liability of Steel, either to Summers or Providential.

■■ The further contention urged by Providential is that at the time of the entry of the judgment in the Court for Western Oklahoma dismissing as to Steel the action and the cross-claim, the present cause of action had not matured and therefore the defense of res judicata was not available to Steel. Fed.Rules Civ.Proc. rule 13(g), 28 U.S.C.A., empowers a party litigant to plead as a cross-claim any claim against a co-party arising out of the transaction or occurrence or relating to the property that is the subject matter of the original action; and it expressly authorizes the inclusion in such cross-claim a claim that the party against whom it is asserted "is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." The rule is not limited by text or purpose to definite or matured claims or causes of action. It is broad enough to include a claim of a contingent nature, the ultimate outcome of which depends upon the determination of other features or issues in the case. The rule is remedial in nature, intended to promote the expeditious and economical adjudication in a single action of the entire subject matter arising from one set of facts; and it should be liberally construed to achieve that commendable objective. The cause of action pleaded in the cross-claim was one falling within the rule; the judgment of dismissal as to Steel adjudicated such claim; and the judgment was available as a defense of res judicata.

■ Providential looks to Rule of Civil Procedure 60(b), 28 U.S.C.A., for aid. In presently material part, the rule provides that on motion and upon such terms as are just, the court may relieve a party from a final judgment which is no longer equitable, or may relieve a party from a judgment for any other reason justifying relief from the operation of the judgment; that writs of coram nobis, coram vobis, audita querela, bills of review, and bills in the nature of a bill of review, are abolished; and that the procedure for obtaining relief from a judgment shall be by motion as prescribed by the rules or by an independent action. The Court for Western Oklahoma had jurisdiction of the subject matter of the action, jurisdiction of the cross complaint, and jurisdiction of the parties. There was no intrinsic or extrinsic fraud in connection with the entering of the judgment dismissing as to Steel the action and the cross complaint. The remedy for the correction of non-jurisdictional errors or defects in connection with the judgment was by appeal. The time for appeal has expired. The essence of this action in a different court was to attack collaterally the judgment on non-jurisdictional grounds. And Rule 60(b) is neither a substitute for appeal nor a conduit through which to channel a collateral attack upon a judgment of a court of competent jurisdiction. Morse-Starrett Products Co. v. Steccone, 9 Cir., 205 F.2d 244; Elgin National Watch Co. v. Barrett, 5 Cir., 213 F.2d 776.

Other contentions are advanced for reversal of the judgment. It suffices to say without discussion that we fail to find merit in them.

The judgment is affirmed.