**In the Matter of H. S. DORF & CO., Inc., Bankrupt.**

**No. B 92815.**

United States District Court
S. D. New York.

Aug. 4, 1967.

Samuel Newfield, New York City, for trustee, Samuel W. Sherman, New York City, of counsel.

Borris M. Komar, New York City, for Beol, Inc.

Harris, Corwin & Post, New York City, pro se.

MANSFIELD, District Judge.

This is a petition by Beol, Inc. ("Beol" herein) to review an order of the Referee in Bankruptcy Herbert Loewenthal, dated September 30, 1966, adjudging the bankrupt's Trustee to be entitled to monies collected by Beol pursuant to a judgment dated February 15, 1960 recovered by it against one Herman S. Dorf ("Dorf" herein) in the Supreme Court, New York County, in the sum of $78,681.97, and directing The American Insurance Company, which is the surety company holding security in connection with an appeal bond filed by Dorf therein, to turn over to the Trustee all funds and security collectible by Beol on the said judgment. The history of the proceedings leading to the Referee in Bankruptcy's said order, as revealed in his Findings and Conclusions, dated September 14, 1966, and in papers submitted by the parties, is as follows:

On June 26, 1950, Beol, an exporter, recovered a judgment in the sum of $38,317 against H. S. Dorf & Co., Inc. ("Dorf, Inc." herein), a factor and freight, in-

surance and customs house broker, owned and controlled by Dorf, after a jury trial of an action brought in the Supreme Court of the State of New York, New York County. This judgment was set aside on appeal, and on January 2, 1952, Beol recovered a second judgment against Dorf, Inc. in the sum of $53,176, after retrial of the action before a jury.

On March 12, 1952, Beol instituted an action in the same court (New York County Supreme Court) to enforce its judgment against Dorf, Inc. (the debtor), Dorf, and Dorf International, Ltd., claiming that they had transferred the debtor's assets to Dorf International in defraud of Beol as a judgment creditor and in violation of Beol's rights under various New York laws, including § 15 of the Stock Corporation Law, McKinney's Consol. Laws, c. 59, § 60 of the General Corporation Law, McKinney's Consol.Laws, c. 23, and §§ 276 and 278 of the New York Debtor and Creditor Law, McKinney's Consol.Laws, c. 12. The latter action ("judgment creditor's action" herein) was tried before Special Referee Isidore Wasservogel of the New York County Supreme Court and resulted in the entry on February 15, 1960 of the aforementioned judgment in the sum of $78,681 in favor of Beol against Dorf and the other two named defendants. Upon appeal the judgment was unanimously affirmed, Beol, Inc. v. Dorf, et al., 22 Misc. 2d 798, 193 N.Y.S.2d 394; 12 A.D.2d 459, 209 N.Y.S.2d 267, 9 N.Y.2d 963, 218 N.Y.S.2d 43, 176 N.E.2d 499 (1961). Execution of the judgment against Dorf individually was stayed as a result of his filing a bond, on which The American Insurance Company as surety, secured by his own personal assets.

On September 10, 1957, while Beol's judgment creditor's action was pending in the New York County Supreme Court, Beol filed in this Court an involuntary petition in bankruptcy against Dorf, Inc., the debtor, which was at first opposed by the debtor. On June 17, 1959, this Court denied the debtor's motion for a stay of Beol's prosecution of its judgment creditor's action in the New York state court until this Court determined whether the debtor should be adjudicated a bankrupt. The debtor had based the motion on its contention that the recovery in the state court judgment creditor's action would represent as asset of the debtor's estate.

After the Appellate Division, First Department, affirmed Beol's $78,681 judgment against Dorf, an order adjudicating Dorf, Inc. a bankrupt was consented to and entered in this Court on May 4, 1961. Thereupon the bankrupt applied to the Bankruptcy Court for an order staying Beol from taking steps to collect the state court judgment on the ground that the judgment represented an asset of the bankrupt's estate and should be collected by the estate for the benefit of all creditors; and on May 11, 1961, this Court signed an order staying Beol from collection of the state court judgment pending determination of the bankrupt's application. James B. Kilsheimer, III, was elected Trustee in Bankruptcy of the bankrupt on June 6, 1961, and intervened in the application previously made by the bankrupt to the Bankruptcy Court to stay Beol's collection of its state court judgment.

On December 5, 1961, the Bankruptcy Referee denied the application for a stay, stating in his opinion:

"It was within the competence of the state court to decide all the issues there litigated that could be litigated by evidence or by stipulation, and it is very clear from the judgment and opinion of that court that the judgment it rendered was not for the benefit of the bankrupt's creditors, but solely for the benefit of Beol, Inc.

"The real thrust of the argument of the trustee and bankrupt is that the state court judgment is based on facts erroneously found, and that the bankruptcy court may review the issues and in effect modify the findings of fact and conclusions of law of the state court. I am unable to agree with such a contention.

"The bankruptcy court may not review, correct or modify the judgment of the state court in any respect in the cir-

cumstances here shown. The fact that Beol, Inc. filed a petition in bankruptcy some three years before it obtained its judgment in the state court is no indication that it consents to retry the issues disposed of by the state court.

"The petitions as to the surety bond are denied."

The Trustee thereupon moved for reargument, which resulted in the granting of reargument and in a continuation of the stay. Beol's petition for review of the order granting reargument was denied on the ground that the order was interlocutory and the denial affirmed on appeal. See In re H. S. Dorf & Co., 309 F.2d 151 (2d Cir. 1962).

In the meantime Dorf and Dorf, Inc., the defendants in Beol's judgment creditor's action, moved to vacate the state court judgment in favor of Beol on the ground of fraud, and on June 19, 1962, by order of Justice Arthur Markewich, the issues were referred to Special Referee Leo J. Mullen to hear and report and to submit his recommendations. On August 28, 1963, the Trustee, pursuant to authority granted ex parte by the Bankruptcy Court on August 23, 1963, moved to intervene in the state court proceeding to vacate and set aside the state court judgment and for a new trial, on various grounds, including the following:

"(a) that the cause of action upon which the judgment [referring to Beol's judgment against Dorf] was recovered was and is an asset of the bankrupt estate of the defendant H. S. Dorf & Co., Inc.; * * *

* * * * * *

"(c) that there was a lack of jurisdiction to render said judgment and make it binding upon the bankrupt estate; * * *."

and "for an order referring the issues raised upon this motion to Special Referee Leo J. Mullen by enlarging or amending the previous order of reference made to him of a previous application made by the defendant Herman S. Dorf now pending before the aforenamed Special Referee to set aside the judgment, * * * ".[1] In his affidavit in support of his application the Trustee sought the foregoing relief on the ground that if the trial court had been advised of the pending bankruptcy proceedings and of the bankrupt estate's alleged right to the cause of action and assets involved, it would not have entered a judgment for the benefit of Beol, Inc. alone, and the Trustee urged the state court to exercise its general and inherent power to reopen and set aside the judgment in the interest of doing substantial justice. Said the Trustee:

"19. Since this Court was not advised of the pending bankruptcy proceeding, and in addition, since no application for the appointment of a receiver in bankruptcy was made to protect the interest of creditors of the bankrupt, and since the interests of the bankrupt estate were not represented or protected at the trial, the resulting judgment, recovered after the commencement of the bankruptcy proceeding, in favor of the plaintiff, Beol, Inc., for the full amount, instead of a pro rata share, is not and should not be deemed binding upon me, as trustee in bankruptcy. Had the bankrupt estate been represented and protected at the trial, I strongly doubt that the trial court would have held that the judgment was collectible by and for the benefit of Beol, Inc. alone.

1. Although this Court's order authorized the Trustee to apply to vacate the state court judgment "without prejudice to the litigation now pending undetermined before this Court respecting said judgment", the New York County Supreme Court's record reveals that the Trustee sought an adjudication of the issues by the latter court without such qualification and it is clear that the Trustee intended to be bound by the New York Supreme Court's adjudication of the issues. Indeed, if he had expressed an intention to the contrary, he would have been denied intervention as a party by that court. The state court would hardly have tolerated his participation even on the latter basis unless he believed that he was to be affected by that court's judgment.

\* \* \* \* \* \*

"I have therefore contended and now contend that Beol, Inc. acquired no lien whatsoever with respect to its action despite, as alleged by Herman S. Dorf, its misrepresentation or its misleading claims made on its behalf to the Appellate Division and Court of Appeals.

"22. My right and title to any and all assets of the bankrupt, inclusive of the cause of action sued on by Beol, Inc. against Herman S. Dorf, president of the bankrupt, upon my appointment and qualification as the trustee in bankruptcy, relates back to the time that the involuntary petition in bankruptcy was filed on September 10, 1957 (Section 70a of the Bankruptcy Act), at which time, of course, this action had not yet been tried and there had been no recovery of the judgment in this action.

"23. This application is made to this Court to set aside the judgment obtained by Beol, Inc. against Herman S. Dorf in this action to which the bankrupt estate was not a party nor was it represented therein. It is respectfully submitted that the Supreme Court has general and inherent power to set aside judgments for sufficient reason and in the interests of doing substantial justice both under the statutes as well as under its own inherent power.

"24. For the foregoing reasons, it is respectfully submitted that this application, made by me as trustee in bankruptcy, should be granted in the interest of doing substantial justice."

Intervention was granted and the issues raised in the Trustee's application and that of H. S. Dorf were referred to and tried before Special Referee Mullen. After considering the issues on the merits and receiving extensive briefs from counsel with respect to those issues, including the question of whether the Trustee was entitled to the underlying cause of action and proceeds of the surety bond as an asset of the bankrupt's estate instead of Beol recovering such proceeds solely for itself, the Special Referee recommended that "the motion of the trustee in bankruptcy to vacate the judgment herein be in all respects denied" (August 9, 1965), and by order dated November 30, 1965, the Supreme Court, New York County (per Justice Arthur Markewich) denied the Trustee's motion to vacate the judgment and to reject the Special Referee's report. In an accompanying Memorandum Decision, supplemented by a second Memorandum dated December 20, 1965, Mr. Justice Markewich made it clear that the November 30, 1965 order constituted an adjudication to the effect that the proceeds of the judgment and of the surety bond posted by Dorf in connection with it did not constitute an asset of the bankrupt's estate and that the Trustee was not entitled to such proceeds as against Beol. Said Justice Markewich in his November 30, 1965 opinion:

"In short, the original judgment against the now bankrupt corporation has long since ceased to be viable, and it *has been replaced, as far as plaintiff is concerned, by a new fund, out of reach of the bankrupt estate.*" (Emphasis added)

and in his memorandum of December 20, 1965, he stated:

"The reference to the appeal bond as the fund to which plaintiff judgment creditor must look 'as a practical matter' for satisfaction of the judgment is perhaps an oversimplification. The thought sought to be conveyed is that the judgment against this individual judgment debtor was a new judgment, not a new version of the old judgment. It was obtained against the individual judgment debtor, not as a holder of assets of the original corporate judgment debtor, but as one who was chargeable by reason of his activities, with defeat of plaintiff judgment creditor's efforts to collect its judgment. The judgment awarded by Judge Wasservogel was not, therefore, a following of corporate assets, but a direct mulcting in damages of the individual judgment debtor; *it represents no assets of the bankrupt estate.*

"The disposition heretofore made has been reconsidered on the basis of the letters placed on file, and it is adhered to." (Emphasis added)

The adjudication of the issues between the Trustee and Beol by the New York County Supreme Court (per Justice Arthur Markewich) is confirmed by Finding 26 of Referee in Bankruptcy Lowenthal herein on review, at p. 14, as follows:

"Mr. Justice Arthur Markewich in his second opinion, in effect held that the trustee was not entitled to any part of the judgment recovered by Beol, Inc. against Herman S. Dorf as president of H. S. Dorf & Co. Inc. by reason of the fact that the 'judgment awarded by Judge Wasservogel was not, therefore, a following of corporate assets', and 'represents no assets of the bankrupt estate'."

The Trustee then appealed to the Appellate Division, First Department, from the aforementioned New York County Supreme Court order of November 30, 1965, presenting the following "QUESTIONS" for review in his Brief.

"1. Plaintiff having filed its involuntary petition in bankruptcy against the bankrupt during the pendency and before the trial of this judgment creditor's representative action, did the cause of action upon which the suit was brought belong to the trustee in bankruptcy under the Bankruptcy Act and applicable law?

"The learned lower court in the opinion rendered by it on reconsideration presumably answered this question in the negative. It is respectfully submitted that the proper answer should have been in the affirmative.

"2. The trial of this action and the judgment rendered thereon having occurred after the commencement of the bankruptcy proceeding and the bankrupt estate not having been represented at the trial or on the appeals, was the after-bankruptcy judgment in favor of plaintiff alone binding upon the trustee in bankruptcy?

"The learned lower court presumably answered this question in the affirmative. It is respectfully submitted that the proper answer should have been in the negative.

"3. The bankrupt estate not having been made a party or represented in this action, was the after-bankruptcy acquired judgment obtained by plaintiff, jurisdictionally effective and binding as against the rights of the trustee in bankruptcy?

"The learned lower court presumably answered this question in the affirmative. It is respectfully submitted that the proper answer should have been in the negative.

"4. Did the basis for recovery by plaintiff represent assets of the bankrupt or creditors' rights of action vesting in the trustee in bankruptcy?

"The learned lower court on reconsideration answered this question in the negative. It is respectfully submitted that the proper answer should have been in the affirmative.

"5. Plaintiff having recovered more than a pro rata share, was the after-bankruptcy acquired judgment binding upon the trustee in bankruptcy?

"The learned lower court presumably answered this question in the affirmative. It is respectfully submitted that the proper answer should have been in the negative.

"6. Did the plaintiff acquire a lien entitling it to rights superior to those of the trustee in bankruptcy?

"It would appear that on reconsideration the learned lower court answered this question in the negative, although in the original opinion the question was answered in the affirmative. It is respectfully submitted that the proper answer is in the negative.

"7. Assuming plaintiff acquired a lien, did plaintiff waive it?

"The learned lower court failed to deal with this question. It is respectfully submitted that the proper answer

to this question is that if plaintiff acquired a lien, it waived same.

"8. Did plaintiff or its counsel commit fraud in the sustaining of the judgment on appeal?

"The learned lower court answered this question in the negative. It is respectfully submitted the proper answer should have been in the affirmative."

On April 7, 1966, the Appellate Division, First Department, unanimously affirmed the New York County Supreme Court's aforesaid order of November 30, 1965.

Having thus squarely presented for adjudication on the merits the issue of his right to the cause of action underlying the judgment and to the proceeds recovered thereunder as against Beol, and having received an adverse adjudication of that issue on the merits, the Trustee sought and obtained from the Referee in Bankruptcy a continuation, or reactivation, of the reargument of the Bankruptcy Court's decision of December 5, 1961, which had denied the Trustee's petition for an order directing Beol to turn over the proceeds of the surety bond posted to secure its judgment against Dorf. Hearings upon such reargument had been suspended in 1963 when the Referee in Bankruptcy had granted leave to the Trustee to seek adjudication of the issues in the New York County Supreme Court.

On May 17, 1966 Referee Loewenthal held a hearing upon the continuation of the Trustee's motion for reargument. After receiving extensive briefs from both sides, on September 14, 1966 he signed the proposed Findings of Fact and Conclusions of Law submitted by the Trustee, and on September 30, 1966 he signed the order which is the subject of Beol's present petition for review.

Since his reactivation of the proceedings in this Court the Trustee's principal contention has been that Special Referee Mullen and Justice Arthur Markewich of the New York County Supreme Court committed numerous errors in refusing to grant his application to vacate and set aside Beol's judgment against Dorf. In making this contention the Trustee has proceeded on the assumption that if he could demonstrate such errors, he would be entitled to a contrary decision from this Court even though the ultimate issue, i. e., his right to the underlying cause of action and the proceeds of the appeal bond posted by Dorf, had been decided against him by the state court; and it appears that this assumption has been adopted by Referee Lowenthal in his acceptance *in toto* of the Trustee's proposed findings and conclusions. As a result, the proceedings before the Bankruptcy Referee and this Court have been marked by a massive review and reargument in depth of practically every legal and factual question that had been raised between the same parties in the extended earlier state and Bankruptcy Court proceedings, all of which have been the subject of numerous briefs filed with this Court. For the most part these briefs in effect ask this Court to second-guess the state court and reach a contrary decision. Some of the questions presented to the state court that have been resurrected in the shot-gun reopening of issues here have been the following:

1. Whether Beol's state court judgment against Dorf represented a recovery by Beol in its individual capacity, to which it alone was entitled, or a recovery for the benefit of all other creditors.

2. Whether Beol acquired a lien prior to that of the Trustee by service of a subpoena in 1952 upon Dorf under § 781 of New York's Civil Practice Act, before institution of his judgment creditor's action against Dorf. Referee Mullen held that such a prior lien had been acquired by Beol, citing Matter of Wickwire Spencer Steel Co. v. Kemkit Scientific Corp., 292 N.Y. 139, 54 N.E.2d 336, 153 A.L.R. 208 (1944). The Trustee contended before the state court, and contends here, that Referee Mullen's holding was erroneous for the reason that the subpoena was served upon Dorf as an officer of Dorf, Inc. rather than personally, and the further reason that any such lien was lost in 1954 by Beol's failure to obtain an extension of the subpoena as

required by § 781. In re Cofax Corp., 96 F.Supp. 420 (S.D.N.Y.1951); In re Livingston's Estate, 30 Misc.2d 71, 211 N.Y.S.2d 897 (1961), affd., 14 A.D.2d 264, 220 N.Y.S.2d 434 (1961).

The Trustee has further contended that Beol waived its lien by filing an involuntary petition in bankruptcy in 1957 without mentioning that it claimed a lien. In re Mount Vernon Hotel Co. v. Block, 157 F.2d 637 (9th Cir. 1946); Missco Homestead Assn, Inc. v. United States, 185 F.2d 280 (8th Cir. 1950). Beol, in turn, replies that the lien was effective even though served on Dorf as an officer and that under the circumstances an extension was not required.

(3) Whether Justice Markewich erred in holding that since Beol's judgment against Dorf was secured by an appeal bond, it was replaced by a "new fund, out of reach of the bankrupt estate". The Trustee has contended in the state court and here that if the judgment were vacated, as requested by him, the surety bond would cease to be available to Beol, citing Gelder v. National Surety Co., 78 Misc. 38, 137 N.Y.S. 716.

(4) Whether Justice Markewich erred in holding that the Trustee was not entitled to any part of the judgment obtained by Beol against Dorf for the reason that "the judgment awarded by Judge Wasservogel was not, therefore, a following of corporate assets, but a direct mulcting in damages of the individual judgment creditor; it represents no assets of the bankrupt estate." The Trustee has urged in the state court and here that since the judgment was construed by Special Referee Wasservogel in his decision as one under the New York Debtor and Creditor, Stock and General Corporation Laws for the benefit of all creditors, Justice Markewich was in error in interpreting it as being for the benefit only of Beol, citing Shaw v. Jewel Radio Corp., 6 A.D.2d 707, 174 N.Y.S.2d 315 (2d Dept. 1958). The Trustee has further urged that since the opinion of Justice Markewich is in conflict with the earlier opinion of Special Referee Wasservogel, it must yield to the latter under "the rule of primacy". Beol, in turn, contends that since one who sues under the New York Debtor and Creditor Law may recover only in his individual capacity, see Gruenebaum v. Lissauer, 185 Misc. 718, 57 N.Y.S.2d 137 at 145 (Sup.Ct.N.Y.Co.1945), affd., 270 App.Div. 836, 61 N.Y.S.2d 372 (1946), Justice Markewich's opinion represented a correct statement of the applicable legal principles. The interpretation placed by the Trustee upon Referee Wasservogel's opinion is further beclouded by the fact that Referee Wasservogel was under the impression and stated in his opinion that there were no other eligible creditors of Dorf, Inc. than Beol. His statement to the effect that the purpose of the laws under which suit was brought is to permit every creditor to be paid proportionately out of the assets represented dictum. Furthermore, he expressly noted that the fraudulent payments far exceeded Beol's claim and limited Beol to recovery to a portion of the fraudulently transferred assets sufficient to cover Beol's own claim against Dorf, Inc. rather than the entire amount transferred.

In addition to the foregoing questions, the parties have resurrected several subsidiary issues (e. g., whether, and if so, to what extent, execution was levied pursuant to Beol's judgment dated January 2, 1952, in the sum of $53,176), coupled with charges and counter-charges of fraud, evil motives, and improper procedural maneuvering, all of which has served to confuse rather than to clarify the issues that may properly be considered here. The result has been to heap upon Referee Loewenthal and upon this Court, in shot-gun fashion, a morass of conflicting statements with respect to almost every step taken in the past in this prolonged litigation.

One striking feature of this murky picture, however—and one that stands out clearly—is the failure of the Trustee to offer any sound reason for disregarding the basic principle of *res judicata*. It is elementary that where a trustee, acting with the authority of the

Bankruptcy Court, voluntarily submits himself and his rights to the jurisdiction of a state court having jurisdiction over the parties and subject matter in a controversy, he becomes bound by that court's decision of the issues, whether or not they are decided favorably or unfavorably to him. Collier on Bankruptcy ¶ 23.17, pp. 627–29; Heiser v. Woodruff, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946); Brown v. Gerdes, 321 U.S. 178, 185, 64 S.Ct. 487, 88 L.Ed. 659 (1944); Fischer v. Pauline Oil Co., 309 U.S. 294, 303, 60 S.Ct. 535, 84 L.Ed. 764, (1940); Winchester v. Heiskell, 119 U.S. 450, 7 S.Ct. 281, 30 L.Ed. 462 (1886)

"It is true that a bankruptcy court is also a court of equity, Local Loan Co. v. Hunt, 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230, 93 A.L.R. 195, and may exercise equity powers in bankruptcy proceedings to set aside fraudulent claims, including a fraudulent judgment where the issue of fraud has not been previously adjudicated. Pepper v. Litton, supra, 308 U.S. 306, 60 S.Ct. 245, 84 L.Ed. 281. In appropriate cases, acting upon equitable principles, it may also subordinate the claim of one creditor to those of others in order to prevent the consummation of a course of conduct by the claimant which, as to them, would be fraudulent or otherwise inequitable. Taylor v. Standard Gas Co., 306 U.S. 307, 618, 59 S.Ct. 543, 83 L.Ed. 669; Pepper v. Litton, supra; Prudence Realization Corp. v. Geist, supra, [316 U.S. 95, 96, 62 S.Ct. 982, 983, 86 L.Ed. 1293;] American Surety Co. v. Sampsell, 66 S. Ct. 571, [90 L.Ed. 663, 327 U.S. 269.] But we are aware of no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata, which is founded upon the generally recognized public policy that there must be some end to litigation and that when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew the litigation in another court. Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 525–526, 51 S.Ct. 517, 518, 75 L.Ed. 1244." (327 U.S. 726 at 732–733, 66 S.Ct. at 856)

"A bankruptcy trustee who by choice or by necessity resorts to a state court for the prosecution of a claim is of course bound by the adjudication made in the state proceeding. Winchester v. Heiskell, 119 U.S. 450, 7 S.Ct. 281, 30 L.Ed. 462; Fischer v. Pauline Oil & Gas Co., 309 U.S. 294, 303, 60 S.Ct. 535, 84 L.Ed. 764." (321 U.S. 178 at 185–186, 64 S.Ct. at 491)

"We are of opinion that the trustee, having raised the issue in the state court, was bound by the final decision of that tribunal." (309 U.S. 294 at 303, 60 S.Ct. at 539.)

In the present case the Trustee, with this Court's authority, intervened as a party in the state court for the purpose of raising a basic issue, and then raised that issue, as against the same party, Beol, now petitioning for review. That issue was thereupon tried on the merits between the same parties and adjudicated by the state court adversely to him. The Trustee chose the state court forum for resolution of that issue only after he had been unsuccessful in inducing the Bankruptcy Court to grant him the relief later sought in the state court. Having unsuccessfully litigated the issue before the state court, the Trustee may not now relitigate it anew in this Court. To permit such a procedure would be to run counter to the basic principle that there must be an end to litigation of an issue, a principle which is the foundation-stone of the doctrine of res judicata.

The Trustee has sought to avoid the doctrine of res judicata on several grounds. First he urges that Justice Markewich "might" not have adjudicated the issue of the respective rights of Beol and himself to the cause of action and to the recovery of the proceeds of the surety bond in Beol's judgment creditor's action. He contends that the state court, in denying his motion to vacate and for a new trial, "might have" based its decision on other grounds, such as the existence of "a

more adequate and complete remedy in the bankruptcy court which was instituted prior in time, to obtain the entire asset for the benefit of creditors", which would make is unnecessary for the Trustee to be substituted for Beol in its suit and to prosecute that suit to a successful conclusion. Based on this erroneous assumption the Trustee invokes the principle that where a prior judgment or order fails to specify which of several issues or grounds formed its basis, it is not *res judicata*. See Russell v. Place, 94 U.S. 606, 608, 24 L. Ed. 214 (1876); Happy Elevator No. 2 v. Osage Construction Co., 209 F.2d 459, 462 (10th Cir. 1954); Dixie Sand & Gravel Corp. v. Holland, 255 F.2d 304, 310 (6th Cir. 1958).

▇ As applied to the facts of this case, the Trustee's foregoing argument rests on quicksand. It erroneously assumes that the state court did not indicate the basis of its decision, whereas in fact Justice Markewich plainly stated that he was denying the Trustee's motion, after trial of the issues before Referee Mullen, for the reason that the judgment was not a following of corporate assets, but a direct mulcting in damages of the individual judgment debtor, and that therefore "it represents no assets of the bankrupt estate". Thus the state court adjudicated the very issue which the Trustee now seeks to relitigate, i. e., his right to the proceeds of the surety bond as against that of Beol. This he is estopped from doing by reason of the principle of *res judicata*.

The second ground urged by the Trustee against application of *res judicata* is that the remedy he now seeks from the Bankruptcy Court is different from that sought before the state court. He points out that in the state court he sought to set aside Beol's judgment so that upon a new trial he, as the party-plaintiff in lieu of Beol, could obtain a judgment against Dorf and recover the proceeds of Dorf's surety bond, whereas in this proceeding he "is not seeking to vacate the judgment but in effect is upholding the judgment and seeking to collect the full amount for the benefit of all creditors of the bank-

rupt". This distinction, however, is one solely of form and not of substance. It represents a neat bit of sophistry which ignores the purpose and effect of the Trustee's actions in both proceedings. Both his safari into the state court and his proceeding here have always had the identical purpose, which is to obtain an adjudication to the effect that he as Trustee is entitled to recover the proceeds of the surety bond for the benefit of all creditors of Dorf, Inc., rather than permit Beol to retain such recovery for itself personally. In the state court he sought to vacate the judgment, urging that his lien was superior to that of Beol and that he was entitled to the underlying cause of action and to the proceeds of the surety bond as an asset of the bankrupt estate for the benefit of all creditors. The granting of his motion by the state court would have constituted a holding that the Trustee, instead of Beol alone, was entitled to that judgment and the proceeds recovered thereunder. In the present proceeding he seeks the same proceeds, for the same purpose, against the same party. If, as the Trustee now contends, he could have obtained an order from this Court directing Beol to turn over the proceeds of the judgment to him as Trustee for all creditors, there would have been no purpose in seeking vacation of the state court judgment. Certainly he did not consider his motion in the state court to be an unnecessary act at the time when he embarked upon it. He was faced with the fact that the bankruptcy referee had refused to adjudicate the rights between himself and Beol for the reason that the proper forum for such adjudication was the state court. (See pp. 741, 742, supra.)

▇ It was only after the Trustee received an adverse decision on the adjudication of his rights by the state court that he prevailed upon the bankruptcy referee to reach an opposite conclusion and enter the order, findings and conclusions which are the subject of the present petition. By that time, however, the same issues, with the Bankruptcy Court's consent, had been adjudicated

between the same parties by the state court, and the parties became bound by that adjudication under the well established principle of *res judicata*.

█ Although the Trustee has not pressed the matter in his papers—and understandably so—he implies that the doctrine of *res judicata* should not bind him for the reason that the Bankruptcy Court's order of August 28, 1963 permitting him to apply to the state court to vacate Beol's judgment stated that it was "without prejudice to the litigation now pending undetermined before this Court respecting said judgment". If the Trustee did not wish to be bound by the state court's decision as to the issues presented by him to that court for trial and adjudication, he should have advised the state court accordingly when he made his application to it. If he had done so, it is doubtful that the state court would have bothered to entertain or decide the issues, or that the Trustee would have been granted any standing to attack the state court's judgment, since he would in effect be taking the position that he did not intend to be bound by the state court's decision unless it was favorable to him. Apparently realizing that if he wanted relief from the state court he must be willing to accept its decision as binding on him, he advised the state court of his authority as follows:

"1. I am the duly qualified trustee in bankruptcy of H. S. Dorf & Co., Inc., one of the defendants above named, having been elected as trustee at a first meeting of creditors held on June 6, 1961, and having qualified in said capacity by filing a surety bond in the required sum. I make this affidavit and application as such trustee.

"2. By an order dated August 28, 1963 made by Honorable Herbert Loewenthal, one of the Referees in Bankruptcy of the United States District Court for the Southern District of New York, I was granted leave to make the within application to this Court as trustee in bankruptcy of H. S. Dorf & Co., Inc. to vacate and set aside the judgment recovered against defendant Herman S. Dorf by the above named plaintiff, in the above entitled representative judgment creditor's action herein."

Certainly the Trustee's foregoing statement, by omitting any reference to his authority being "without prejudice" represented that he would, if permitted to intervene, be bound as a party by the state court's decision. See Fischer v. Pauline Oil Co., 309 U.S. 294, 303, 60 S. Ct. 535, 84 L.Ed. 764 (1939).

The Trustee next urges that the New York County Supreme Court's adjudication is not binding on this Court for the reason that it was based on errors of fact and law, and that under the "doctrine of primacy" this Court should accept the statement of Special Referee Wasservogel in his earlier decision (November 30, 1959) to the effect that ordinarily all creditors would be entitled to share pro rata in such recovery, instead of Justice Markewich's later decision (November 30, 1965) that the judgment "represents no assets of the bankrupt estate".

█ The simple answer is that Referee Wasservogel never adjudicated the issue for the reason that he was under the impression (apparently erroneous) that the sole creditor was Beol. His statement represented dictum. In any event the Trustee was not a party to the proceedings at the time when his opinion was rendered and, as the Trustee has argued in seeking to avoid another dictum uttered by Referee Wasservogel in the very same opinion, "The Trustee in bankruptcy, of course is not bound by this *dictum* of Special Referee Wasservogel, since he was not a party to it." (Trustee's Reply Memorandum, Dec. 30, 1966, p. 15) The inescapable fact is that at a later time (Nov. 1965), with knowledge of Referee Wasservogel's opinion and after the Trustee had become a party to the proceedings, Justice Markewich did adjudicate the issue at the instance of the Trustee. The doctrine of primacy therefore has no application.

Even if we accept the proposition urged by the Trustee that Justice Markewich's decisions and order were based on errors of fact and law, they nevertheless represent an adjudication of the issue that is *res judicata* as to the Trustee and precludes him from relitigating it here. American Law Institute, Restatement of the Law of Judgments (1942 ed.) §§ 1, 2 and 45 (see comment § 45(f) "where the judgment is erroneous"); Miller v. National City Bank of New York, 166 F.2d 723, 726 (2d Cir. 1948); Providential Development Co. v. United States Steel Co., 236 F.2d 277 (10th Cir. 1956); Clegg v. United States, 112 F.2d 886 (10th Cir. 1940). This well-established principle was summarized by the court in Providential Development Co., supra 236 F.2d at p. 280:

"A final judgment of a court of competent jurisdiction upon the merits concludes the parties to the litigation and their privies even though the court may have been mistaken as to the facts, or may have misconceived the law."

Speaking for the Court of Appeals of this Circuit, Judge Frank affirmed the rule as follows:

"The res judicata effect of a prior judgment on the merits depends on whether the second action between the same parties is upon the same or a different cause of action. If it is upon the same cause of action, *a judgment on the merits creates an absolute bar to a subsequent action between the same parties, regardless of the arguments presented by the parties in the first suit and even if the judgment was erroneous.* The New York courts had before them the same parties as are now before us, and in a suit arising from the same transaction. If the cause of action in that case was the same as in this, then appellant must be bound by that decision, although his attempted recovery now rests upon another legal theory. In such circumstances, res judicata 'makes white black, the crooked straight, the straight, crooked,' as between the litigants." (From opinion of Judge Frank in Miller v. National City Bank of New York, supra, 166 F.2d at 726) (Emphasis added)

In this case the Bankruptcy Referee was faced with an extremely complicated background of prior proceedings, marked by bitterness on both sides, each charging the other with fraud, misrepresentations and similar misconduct. This made it difficult to obtain all of the facts, and the record before this Court fails to show that Beol submitted any proposed findings or conclusions to the Referee. As a practical matter, therefore, the Referee was relegated to acceptance of the Trustee's proposed findings of fact and conclusions of law. These Findings, however, are incomplete and contain legal conclusions and characterizations that represent the Trustee's interpretation of the prior proceedings.[2] The Findings fail to state completely and precisely the issues tendered by the Trustee to the New York County Supreme Court and the Appellate Division, First Department, for adjudication, which is a matter of public record. The Conclusions of Law accept the Trustee's erroneous views as to the application of the principle of *res judicata,* which has been discussed in detail in this opinion. Accordingly, the Referee's Findings of Fact and Conclusions of Law are rejected to the

---

2. For example, Findings 22, 24, 25, 26 and 28 state the Trustee's views as to what was "held" by Special Referee Mullen and Justice Markewich of the New York County Supreme Court. Finding 29 assumes the application of the "rule of primacy" and characterizes Justice Markewich's second opinion as "in effect an interpretation of and based upon the decision rendered by Special Referee Wasservogel". Finding 29 also states

that Special Referee Wasservogel's opinion "held" that all creditors of Dorf, Inc. would be entitled to share proportionately except as barred by the statute of limitations, whereas Special Referee Wasservogel's statement represented dictum. Finding 32 contains argumentative material with respect to the contents of Beol's brief before the Appellate Division, First Department.

extent indicated in this opinion, his order of September 30, 1966 is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

The foregoing decision makes it unnecessary to grant the motion of Harris, Corwin and Post, who seek to intervene for the purpose of protecting their interest as co-counsel with Borris M. Komar for Beol in the proceeds of the surety bond, or to consider the claim of Beol's attorneys to a lien upon such proceeds.

So ordered.