In the Matter of H. S. DORF & CO., Inc., Bankrupt.

James B. KILSHEIMER, III, Trustee in Bankruptcy, Appellant,

v.

BEOL, INC., Appellee.

No. 210, Docket 31752.

United States Court of Appeals
Second Circuit.

Argued Nov. 29, 1967.

Decided Dec. 15, 1967.

Certiorari Denied March 25, 1968.
See 88 S.Ct. 1199.

Samuel W. Sherman, New York City, (Samuel Newfield, New York City, on the brief), for appellant.

Borris M. Komar, New York City, for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

PER CURIAM:

The somewhat intricate history of the previous litigation in this case is set forth in the opinion rendered by Judge Mansfield in reversing the determination of the referee. 274 F.Supp. 739 (S.D.N.Y.1967).

We affirm on the ground that, as Judge Mansfield held, the trustee is bound by the result in the state court action to which he made himself a party, with the consent of the bankruptcy court, by voluntary intervention.

"A bankruptcy trustee who by choice or by necessity resorts to a state court for the prosecution of a claim is of course bound by the adjudication made in the state proceeding." Brown v. Gerdes, 321 U.S. 178, 185, 64 S.Ct. 487, 491, 88 L.Ed. 659 (1944). See also Fischer v. Pauline Oil & Gas Co., 309 U.S. 294, 303, 60 S.Ct. 535, 84 L.Ed. 764 (1940); Winchester v.

Heiskell, 119 U.S. 450, 453, 7 S.Ct. 281, 30 L.Ed. 462 (1886).

While the consent of the bankruptcy court to the trustee's intervention in the state court action was conditioned on that intervention's being without prejudice to the proceedings in the bankruptcy court, the trustee proceeded in the state court without reference to that condition. He had the power to bind himself in spite of his disregard of the condition attached to the order permitting him to intervene.

Affirmed.