505 P.2d 62

**GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff,**

v.

**Ben HATCHER, Defendant-Appellant,**

v.

**Harold TIDENBERG, Defendant-Appellee.**

**No. 9497.**

Supreme Court of New Mexico.

Jan. 5, 1973.

Robert J. Torvestad, Albuquerque, for appellant.

Hannett, Hannett, Cornish & Barnhart, Albuquerque, for appellee.

OPINION

MONTOYA, Justice.

This is an appeal from a denial of a motion filed by appellant Hatcher in the trial court for enforcement of contribution and the dismissal of his cross-claim for contribution.

The original suit was filed in Bernalillo County, wherein the appellant Hatcher and appellee Tidenberg herein were defendants. Judgment was entered against them on December 16, 1965. An appeal followed and the mandate of this court affirming the trial court's judgment was filed on June 21, 1967. Satisfaction of judgment was entered on August 16, 1968, and appellant Hatcher's claim for contribution is based upon his contention that he paid substantially more than appellee Tidenberg toward the satisfaction of said judgment. Thereafter, appellant Hatcher filed a motion for enforcement of contribution by appellee Tidenberg on April 14, 1971, and later on January 18, 1972, he filed a cross-claim seeking identical relief for contribution. Upon dismissal of motion for enforcement of contribution and of cross-claim asking for the same relief, this appeal followed.

It is of interest to note that appellee's brief contains a statement to the effect

that, after perfecting this appeal, appellant Hatcher brought a separate action in the district court against appellee Tidenberg for contribution based on the same facts and circumstances as are alleged in his dismissed cross-claim, which is in issue here.

In his brief, appellee concedes that there is no question about appellant Hatcher having a right to bring an action for contribution from appellee Tidenberg, so the only issues to be decided here are: (1) Whether the trial court abused its discretion in denying the motion for enforcement and dismissing the cross-claim without prejudice; and (2) whether the question presented herein is moot by reason of the separate action filed below seeking identical relief. Appellant's brief discusses whether or not he has a cause of action for contribution against appellee but, in view of the posture of the case as presented to us, it does not appear that the trial court passed on that issue and questions not presented below will not be decided on appeal. We are also aware that the right to contribution between co-obligors has not been ruled upon by this court and that no specific statutory procedure exists for pursuing such a remedy, other than what is contained in our Rules of Civil Procedure.

The only question we feel it is necessary to answer in disposing of this appeal is whether the trial court's ruling on the motion for enforcement and cross-claim constitutes an abuse of discretion. Appellant contends that a cross-claim for contribution is permitted under Rule 13(g), Rules of Civil Procedure (§ 21–1–1(13)(g), N. M.S.A., 1953 Comp.), and that since the right of contribution between joint obligors does not ripen into a cause of action until one of the joint obligors has paid more than his pro rata share of the common liability, it follows that his cross-claim could not be asserted here until after judgment, and only after he had paid more than his pro rata share of said judgment. Appellant further argues that his motion and cross-claim were timely filed, even though

not asserted until after judgment was rendered and satisfied. Rule 13(g), supra, does not prescribe the time within which a party must present his cross-claim. It has to do with pleading and, therefore, contemplates that such pleading be filed before trial or judgment, even though it includes a claim that the party against whom it is asserted is, or may be, liable to the cross-claimant for all or part of the claim asserted in the action against cross-claimant.

The Rules of Civil Procedure are modeled after Federal Rules of Civil Procedure and our Rule 13(g), supra, is identical to the Federal Rule.

As is pointed out in Wright & Miller, Federal Practice and Procedure, Civil § 1431:

"* * *. The provision is a reflection of the federal equity practice. * * * the general policy behind allowing cross-claims is to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps. In keeping with this policy the courts generally have construed subdivision (g) liberally in order to settle as many related claims as possible in a single action. * * *"

The following cases are cited in support of the above statement: LASA Per L'Industria Del Marmo Societa Per Azioni v. Alexander, 414 F.2d 143 (6th Cir. 1969); Providential Develop. Co. v. United States Steel Co., 236 F.2d 277 (10th Cir. 1956). In Wright & Miller, supra, at 169, they point out that:

"* * *. The decision whether to allow a cross-claim that meets the test of subdivision (g) is a matter of judicial discretion. No precise standards have been formulated. Generally, most courts balance the interests of judicial economy and the general policy of avoiding multiple suits relating to the same events against the possibilities of prejudice or surprise to the other parties and decide the question of timeliness accordingly.

As stated by one Pennsylvania district court judge:

"'It is true, of course, that this court can and will control third party actions and cross-claim actions in such a way that justice will be done to all the parties and the bringing of the original action to trial will not be retarded by them, but in the absence of a showing of injustice to some one or a delay of the trial, no arbitrary time limitation without an express rule of court will be imposed. * * *'"

Fogel v. United Gas Improvement Co., 32 F.R.D. 202 (D.C.Pa.1963).

Blair v. Cleveland Twist Drill Co., 197 F.2d 842 (7th Cir. 1952), stands for the proposition that:

"* * *. While both [Rules 13(g) and 14, Rules of Civil Procedure] permit of some discretion on the part of the court, there must be sound reason for the exercise of such discretion to deny the relief made possible thereunder. * * *"

In the instant case, there is no argument but that the question of "timeliness" is within the sound discretion of the trial court. Given the fact that this cross-claim was brought seven years after judgment, and four years after affirmance on appeal, can it be said that the trial court lacked sound reason for dismissing the cross-claim in the exercise of its discretion? We think not. In our opinion, no good judicial purpose would be served by allowing appellant, at this late date, to pursue his claim for contribution by way of cross-claim in the original suit.

In Independent Steel & Wire Co. v. New Mexico Cent. R. Co., 25 N.M. 160, 178 P. 842 (1919), this court held that:

"An abuse of discretion is said to occur when the court exceeds the bounds of reason, all circumstances before it being considered. * * *"

See Shillinglaw v. Owen Shillinglaw Fuel Company, 70 N.M. 65, 370 P.2d 502 (1962); Wright v. Atchison, Topeka and Santa Fe Railway Co., 64 N.M. 29, 323 P. 2d 286 (1958).

Accordingly, in view of the foregoing the trial court did not abuse its discretion in denying the motion and dismissing the cross-claim.

The orders of the trial court are affirmed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.